## SUPREME COURT.

### EMMA J. MASON agt. LYDIA C. LIBBEY.

*Motion to set aside service of summons and order for examination of defendant before trial, for irregularity.*

Where the plaintiff having in her possession, without authority, the key to the outer door of defendant's residence, unlocked it and entered the house without the permission of the defendant, the defendant being alone therein, and thereupon threw the summons and the order for the examination of the defendant before trial against or upon the person of the defendant in a violent and excited manner, *held*, that the service be set aside for irregularity, with costs.

*Kings Special Term, July,* 1876.

MOTION by defendant to set aside the service of the summons and order for the examination of the defendant before trial, &c.

*Chauncey B. Ripley & A. B. Tappen,* for defendant and the motion.

The plaintiff in this action seeks to examine the defendant before trial as a witness.

The application is based on an affidavit of one of the attorneys for plaintiff.

The affidavit of the plaintiff herself is also before the court as evidence that the summons and order for defendant's examination were served on the defendant.

The order and summons are returnable by adjournment, and also a notice of motion by defendant. The motion of defendant is:

First, To set aside the service of the summons and order; and

Second, To set aside the summons and order.

Mason agt. Libbey.

I. The service of the papers was irregular and void and should be set aside for the following reasons, to wit:

It was done through the instrumentality of unlawful, unwarranted and improper means.

The service was made by the plaintiff herself, who is the daughter of the defendant in the action.

To effect it the plaintiff entered the premises of the defendant (having watched an opportunity to find her alone), broke open the door of her house by means of force, or a key of which she was improperly in possession, and with violence threw the papers into the very face and eyes of her mother.

The plaintiff was guilty of trespass and a breach of the peace in effecting this service.

She asks the aid and sanction of this court and bases her application upon a lawless act of her own.

The practice in our courts of justice must be conducted as prescribed by the statute and rules without any resort to dishonest, disorderly or unlawful acts on the part of those engaged in it or in the service of its process.

Analogous to this case are:

*Carpenter* agt. *Spooner* (2 *Sand.*, 717). *Held*, "this court will not sanction any attempt to bring a party within its jurisdiction by means of fraud or misrepresentation."

*Goupil* agt. *Simonson* (3 *Abb. Pr.*, 474). *Held*, "the order (order of arrest) should be discharged on the ground that the defendant was enticed within the bailiwick of the sheriff by a trick, which invalidates the service."

14 *East, pages* 79, 116, 118; 3 *Black. Com.*, 228, *and cases cited*. *Held*, "no man's house or castle can be violated with impunity. In all cases where the law is silent this extreme violence is illegal."

24 *Wend.*, 369; 4 *Hill*, 437. *Held*, "if the outer door is merely latched it will be a breaking merely to unlatch it and enter the house."

*The Albany Law Journal* (*vol. II, p.* 303, *and cases cited*). "In *arrests* outer doors cannot be broken as a rule."

Mason agt. Libbey.

*The Albany Law Journal* (*vol. III, p.* 465, *and cases cited*).
" The power to break doors, in criminal cases, is rarely to be
exercised."

" Those who come into a court of justice asking redress
must disclose a transaction warranted by law" (*Broom's
Legal Maxims, p.* 707).

No court will lend its aid to a party who founds his pro-
ceedings on an immoral or illegal act.

" If the proceedings be based on the transgression of law
the court refuses its assistance, not for the sake of the defendant
but because they will not lend their aid to such a plaintiff "
(*Broom's Legal Maxims,* 711).

This service was improper; it was unwarranted; it was
unlawful. It cannot receive the sanction of this court.

II. The plaintiff has not complied with the statutory rule,
and no case is made out by the affidavit of Mr. Lewis which
entitles the plaintiff to examine the defendant.

The rule, as now settled by the court of appeals, is this:
That the provision of the Code (*sec.* 391) was designed as a
substitute for the bill of discovery under the old practice
(*Court of Appeals, Glenny* agt. *Stedwell* [*unreported*], *N.
Y. Daily Register, Feb.* 18, 1876).

Under the old practice we have the following:

" As a general rule a bill of discovery must state the matter
in relation to which a discovery is sought, the interest of the.
party, with the right to require the discovery" (*McIntyre*
agt. *Mancius,* 16 *John.,* 596).

" Unless the bill states affirmatively that the discovery is
really wanted by the party applying, and also shows that the
discovery might be material, it is defective" (*Gelston* agt.
*Hoyt,* 15 *John. Ch.,* 547).

" If the affidavit does not set forth the matter or thing
sought to be discovered, or show in what respect the dis-
covery is essential to enable the plaintiff to prepare for trial,
which was necessary where a suit in equity was brought for
a discovery after issue joined, the discovery cannot be had "

(*Wigram on Discovery*, 209, *sec.* 74; *Carr* agt. *The Great Western Ins. Co.*, 3 *Daly*, 161).

"The case must be so far disclosed as to enable a court of equity to see and be satisfied that the ends of justice require the interposition of its powers" (16 *John.*, 598).

"The practice of the court on applying for a discovery requires the party to swear that the discovery is necessary to enable him to prepare for trial" (*Moor* agt. *McIntosh*, 18 *Wend.*, 529).

"The party desiring the examination of a witness  *  *  * may apply on an affidavit which shall state," among other things, "that the testimony of such witness is material and necessary for the party making such application" (*Rev. Stats.*, vol. *III*, *p.* 673, *title III, article first; compare sec.* 390 *and sec.* 391, *Code*). This rule is in harmony with rule 21 of supreme court.

"If the officer to whom such application is made shall be satisfied that the circumstances of the case require the examination of such witness in order to attain justice between the parties he shall make the order," &c. (*Rev. Stats.*, vol. *III*, *p.* 673, *sec.* 3).

The affidavit must disclose such a case as gives the judge power to act (*Daily Reg.*, *p.* 330, *Feb.* 18, 1876).

No cause whatever is shown on this application. The affidavit is, therefore, defective in this:

It does not show that the proposed examination is necessary — that it is desired — that it would enable the plaintiff in any way to attain justice, to prove her case on the trial. Nor can it be reasonably inferred from the affidavit how it is material, necessary or even desirable.

These proceedings should not be allowed for the purpose of vexation (*N. Y. Daily Register*, *p.* 329, *Glenney* agt. *Stedwell*).

III. Suppose the application to be made under rule 21 of supreme court. Rule 21 of this court is as follows:

"The application for an examination under section 391 of

the Code shall be upon affidavit disclosing the nature of the discovery sought to enable the party to prove his case, or defense, on the trial, and how the same is material in aid of the prosecution or defense."

The affidavit of Mr. Lewis, on which this application was made, is not in compliance with the rule of court (21) and the examination should not be allowed.

1. There is no allegation in the affidavit that any discovery is necessary " to enable the party to prove his case " * * * " on the trial."

2. There is no allegation in the affidavit that any of the proofs sought by the plaintiff would at all enable the plaintiff " to prove his case on the trial."

III. There is no showing in the affidavit, and no attempt at showing, "how the same is material in aid of the prosecution."

IV. The affidavit shows the following and nothing more :

That issue is joined.

That the case is on the calendar.

That the action is brought to compel a conveyance, to recover possession of real property and certain interests therein, and for an accounting and for other relief.

That defendant is material for the trial.

That the object of this proposed examination is to ascertain what, if any, disposition defendant has made of trust funds, and to adduce other facts material to the issue.

That defendant knows nearly all the facts put in issue as plaintiff's attorney is informed and believes.

That defendant resides in Brooklyn and is about to depart from the state.

The facts set forth in the affidavit are insufficient and the order and summons should be vacated.

The provision is statutory and should be strictly complied with.

*Lewis & Beecher,* for plaintiff, opposed.

Mason agt. Libbey.

BARNARD, *J.* — The plaintiff was not justified in entering her mother's house by unlocking the door without her mother's permission to make the service in question. As against the service of civil process, the law throws around the defendant the safeguard of protection to herself and her family. I cannot accept the plaintiff's statement that she carried the key to defendant's house by her permission. There had been long subsisting bitter and protracted litigation between the parties. If the plaintiff did once have the key by defendant's consent the plaintiff well knew that the right to use it had been withdrawn by the changed relations of the parties, if not by actual words. This service must be set aside, with costs (1 *Howard Pr. Rpts.*, 199 ; *id.*, 253).