## CULLERS & HENRY v. R. E. MAY ET AL.

### No. 7705.

**1. Variance.**—Attorneys representing Mrs. Elizabeth James made a contract with her to represent her in asserting homestead rights in property seized under execution against her husband, at that time not living with her. She made a contract assigning one-fourth of the recovery to said attorneys. The contract was signed *A. P. James.* They prosecuted her claim to success. Before the close of the litigation she left the State intending to return, but she died. Administrator upon her estate was proceeding to collect the judgment recovered. The defendants then sought to enjoin the collection, asking that the judgment be set off against theirs against the husband. The attorneys intervened claiming one-fourth under their contract with the deceased. The court below gave judgment in favor of the intervenors, and as to the other three-fourths perpetuated the injunction. *Held:*

1. The variance in the name signed to the contract and that by which Mrs. James was known was immaterial under the facts of the case.

2. The result of the suit established her right to recover against her husband's creditors, so her assignment of a part of the judgment was good against them.

3. The money recovered for the seizure of exempt property was also exempt from the claims of creditors.

4. If Mrs. James subsequently had abandoned the State so as to lose her right to exemptions such loss did not affect her assignees of part of the value of said property.

5. It sufficiently appeared that at the time of the litigation Mrs. James had been abandoned by her husband and she could act alone.

**2. Community Property—Administrator.**—It is not contemplated by our statutes that an administrator of the wife shall have the right to administer the community property while the husband is living. Moody v. Smoot, 78 Texas, 121.

**3. Abandonment of the Wife by Husband.**—The abandonment which invests the wife with authority to act without being joined with her husband while she lives does not necessarily carry with it the right to administer it after her death.

APPEAL from Grayson. Tried below before Hon. P. B. Muse, Judge of Fifteenth Judicial District.

The opinion states the case.

*Brown & Bliss,* for appellants Cullers & Henry.—1. The court erred in rendering judgment for the intervenors against appellants, because the contract introduced in evidence was signed by Mrs. A. P. James, and did not sustain the allegations of a contract as set out in the plea in intervention. Salinas v. Wright, 11 Texas, 572; Deem v. Border, 15 Texas, 298; Espey v. Heidenheimer, 58 Texas, 662; Spangler v. Pugh, 74 Am. Dec., 77; Milton v. Haden, 70 Am. Dec., 527, 528; Delevan v. Simonson, 3 Jones & S., 246.

2. Where a debtor's right to offset a claim against himself by one in his favor against the creditor accrues before such debtor receives notice from an assignee that the claim of such creditor has been assigned to such assignee, such notice comes too late to affect such debtor's right to offset. Louden v. Tiffany, 5 W. & S. (Pa.), 367; Rev.

Stats., art. 267; Clodfelter v. Cox, 1 Sneed, 330; Brashear v. West, 7 Pet., 595; Selz v. Unna, 6 Wall., 327; Wade on Notice, secs. 431, 433; Rider v. Johnson, 20 Pa. St., 190; Pars. on Con., 226, and authorities cited in note.

3. The court erred in rendering a judgment in favor of the intervenors against the appellants, because the contract between intervenors and Elizabeth James was not an assignment of the judgment rendered by the Supreme Court nor any part of it. Moody v. Wright, 13 Metc. (Mass.), 17; Skipper v. Stokes, 42 Ala., 255; Bisp. Eq. Jur., 222.

*Hare, Edmondson & Hare,* for administrator.—1. There was no valid judgment in favor of Cullers & Henry against A. P. James, nor was there any evidence of a valid claim in favor of said parties against A. P. James. York v. The State, 73 Texas, 651; Anderson v. Stewart, 70 Texas, 588; Pennoyer v. Neff, 95 U. S., 714; Hart v. Sansom, 110 U. S., 151.

2. Elizabeth James at the date of her death was a citizen of Texas, and the judgment in her favor against Cullers & Henry, being for the proceeds of exempt property seized by the creditors of her husband, could not be offset by an unsatisfied claim against her husband. Cullers & Henry v. James, 66 Texas, 494; Cameron v. Fay, 55 Texas, 58.

HENRY, Associate Justice.—This suit was commenced by appellants, who filed their petition in the District Court against the sheriff of Grayson County and Silas Hare, Jr., as administrator with the will annexed of Elizabeth James, deceased, to enjoin an execution issued upon a judgment rendered by this court in favor of the said Elizabeth James and against Cullers & Henry. Cullers & Henry v. James, 66 Texas, 494.

A. P. James, the defendant in that suit, was also made a defendant in this one and was cited by publication.

Hare & Head, the attorneys of Mrs. James in the first suit, intervened in this one.

During the pendency of the first suit Mrs. James went to the State of Missouri and died there before its termination. The evidence tends to show that her absence from this State was intended to be only temporary. The evidence shows that her husband A. P. James was alive and in this State after the present suit was instituted, and only a short while before the final judgment was rendered. But he did not personally appear or defend upon the trial of either cause. The defendant, Silas Hare, Jr., was appointed administrator with the will annexed of Elizabeth James by the County Court of Grayson County, and was proceeding as such administrator to collect the judgment rendered by this court in favor of Mrs. James when this suit was brought to restrain such collection.

It was proved upon the trial of this cause that the judgment in favor of Mrs. James rendered by this court was for the value of community property belonging to herself and her husband A. P. James which had been seized under an attachment sued out by Cullers & Henry in the first suit, which property, though exempt, was sold by order of the court and the proceeds thereof appropriated by the said Cullers & Henry. Said judgment in favor of Mrs. James and against Cullers & Henry was for the sum of $575. In the same suit judgment was rendered in the District Court in favor of Cullers & Henry against the husband A. P. James for the sum of $4872.22, which was affirmed. In this suit Cullers & Henry sought both to enjoin the collection of the judgment in favor of Mrs. James and to extinguish it by having it applied as a credit in part satisfaction of their judgment against A. P. James, which remains unsatisfied for a much larger sum.

Mrs. James, the wife of A. P. James, was known by the names "Libby" and "Elizabeth" also. She executed the following written agreement in favor of her attorneys in the first suit:

"This contract witnesseth that I have employed Messrs. Hare & Head, attorneys, to prosecute any and all my cases in the courts of Grayson County, Texas, in reference to my right as wife or widow of A. P. James, my husband, and in such cases or any of them I agree and promise to pay my said attorneys the one-fourth of all sums of money or property they may recover by suit or otherwise; and I hereby transfer and assign to them such one-fourth interest. In case nothing is recovered, I pay nothing. They to prosecute or defend in the Supreme Court if necessary.                "MRS. A. P. JAMES.
    "September 13, 1883."

Hare & Head in their plea of intervention alleged that "on the 13th day of September, 1883, they entered into a written contract with Elizabeth James whereby they agreed and bound themselves to act as her attorneys in the litigation with Cullers & Henry for a contingent fee of one-fourth of the amount of recovery, she, the said Elizabeth James, assigning to said Hare & Head one-fourth of any judgment they might recover for her in such litigation; that the judgment here sought to be recovered is the judgment recovered for said Elizabeth James by intervenors, and that they are the legal and equitable owners of one-fourth of said judgment," for which they pray judgment against plaintiffs.

This cause was tried without a jury, and judgment was rendered forever enjoining the administrator of the estate of Elizabeth James from enforcing against plaintiffs the aforesaid judgment of the Supreme Court in her favor, and in favor of the intervenors for the recovery of one-fourth of the amount of said judgment against the plaintiffs; and also that the remaining three-fourths of said judgment be credited

upon said judgment in favor of plaintiffs and against the said A. P. James.

From this judgment the plaintiffs Cullers & Henry and the defendant Silas P. Hare, Jr., as administrator, prosecute this appeal. The following errors are assigned by Cullers & Henry:

"1. The court erred in rendering judgment for the intervenors against appellants, because the contract introduced in evidence was signed by Mrs. A. P. James, and did not sustain the allegations of a contract as set out in the plea in intervention.

"2. The court erred in rendering a judgment in favor of the intervenors against the appellants, because the contract between intervenors and Elizabeth James was not an assignment of the judgment rendered by the Supreme Court nor any part of it.

"3. The court erred in rendering judgment for the intervenors against appellants, because it appeared from the evidence they had a right to offset against the claim of Mrs. Elizabeth James, which accrued before they had notice of any contract with said intervenors on the part of said Elizabeth James."

The agreement signed "Mrs. A. P. James" was read in evidence without objection.

We think that the agreement, considered in connection with the other evidence offered by the intervenors, sustained their plea and established an equitable assignment of one-fourth of the aforesaid judgment in favor of Mrs. James.

With regard to the third error assigned we deem it sufficient for the purpose of this appeal for us to say that at the date of the assignment of an interest in her claim by Mrs. James to Hare & Head, Cullers & Henry had no right to offset it with their claim, or in any manner to subject it to their debt. That was what they were attempting to accomplish by their attachment, and it was what the intervenors were employed to and did in substance resist and defeat by the judgment of this court rendered in that cause.

The moneyed judgment rendered in favor of Mrs. James by this court against Cullers & Henry, on account of their seizure and sale of her homestead, was exempt from their judgment to the same extent that the homestead was, of which it was the representative.

Upon the question as to whether Mrs. James subsequently lost the right to hold the judgment as exempt property by reason of her leaving the State, it may be said that there was evidence tending to prove that she never left the State with the intention of permanently abandoning her residence here, and as the judgment of the court was in favor of the intervenors we would not be at liberty to reverse it on the issue of fact. But if it was necessary to decide the issue of fact differently, still, as the intervenors acquired their interest in the judg-

ment while Mrs. James was still a resident of the State and while it was unquestionably exempt, it could not be, and was not, affected by any subsequent action of their assignee. We think it proper to say, notwithstanding the question is not raised by the assignments of error that we are now considering, that the right of Mrs. James to control and assign the judgment recovered by her by reason of the abandonment of her husband sufficiently appears from the evidence and was established by the judgment rendered in her favor by this court.

The following are the assignments of error relied upon by the administrator of Mrs. James' estate:

"The judgment of the court was unsupported by the evidence and clearly against the same, for the following reasons, to-wit:

"1. The evidence shows that appellants Cullers & Henry had no valid judgment against A. P. James, the husband of deceased, nor was there any valid claim established against said A. P. James against which the judgment of the deceased Elizabeth James could be offset.

"2. The evidence shows that A. P. James had deserted his wife Elizabeth, and that her judgment against Cullers & Henry was for the proceeds of exempt property; that her citizenship was in Texas at the date of her death, and that at said time she was but temporarily absent therefrom, and was at said date still entitled to her exemptions as a citizen of Texas.

"The court erred in offsetting against Elizabeth James' judgment any portion of Cullers & Henry's claim against A. P. James."

In the view that we take of the cause it is unnecessary for us to decide whether or not Cullers & Henry had a valid judgment against A. P. James, or whether the judgment recovered in the name of Mrs. James can now be claimed by A. P. James so as to forbid its being discharged by being appropriated as a credit upon the judgment against him. These are questions which affect A. P. James alone, and which can not be considered upon an appeal prosecuted by the administrator of his wife from a judgment to which he appears to be a party. In the case of Moody v. Smoot, 78 Texas, 121, it was held by this court that our statutes do not contemplate that an administrator of the wife shall have the right to administer the community while the husband survives.

It does not become necessary for us to now decide whether there may not exist cases in which the circumstances of the abandonment of a wife by her husband, that confer upon her the power of managing and disposing of their community property as a feme sole, should be held to include the right to control it after her death through an administration of her estate. We think it sufficient to say now that the abandonment which invests the wife with such authority while she lives does not necessarily carry with it the right to administer it after her death.

The evidence in this case does not satisfy us that the husband was divested of his statutory rights, nor that the rights and remedies of other persons may not be pursued against him.

The judgment is affirmed.

                                         *Affirmed.*

Delivered May 19, 1891.