(54 Misc. Rep. 48.)

## OLSON v. McCONIHE.

(Supreme Court, Special Term, New York County. April, 1907.)

PROCESS—SERVICE—SETTING ASIDE.

> Where a process server gained access forcibly to the room where defendant was, after having obtained an entrance into the house under pretext that he wanted to see a servant named, the service was illegal, and will be set aside.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 51.]

Action by Emma Olson against Phebe Warren McConihe. Motion by defendant to set aside service of summons as obtained by trickery. Granted.

The affidavits used on the motion show that on the evening of March 11, 1907, a female process server called at the servants' entrance of defendant's residence on East Fifty-First street, borough of Manhattan, rang the bell, and the defendant's cook, on opening the door, was told by this process server that she would like to see "Kate," meaning one of the upstairs maids. The cook invited this stranger into the house, and asked her to sit down in the kitchen, and she would send for her. While the cook was telephoning upstairs for Kate, the process server ran up the back stairs and rushed through the pantry, brushing aside the butler, and ran into the defendant's dining room, where the defendant and her family were dining, and threw upon the dining room table a summons and complaint inclosed in an envelope. The plaintiff was formerly a cook in the defendant's employ, and, having fallen downstairs in defendant's house, brought this action for personal injuries, and was familiar with the names of defendant's servants and her residence.

Warren McConihe, for the motion.
Frank Herwig, opposed.

MacLEAN, J. It is uncontradicted that the person who deposes to the service of the summons herein was admitted at the servants'

entrance to the house where defendant resided and asked to see one "Kate," presumably and apparently not this defendant. Such admission, under the circumstances, might not be said to carry the freedom of the house, or to warrant forcible access to the dining room upstairs for the purpose of service of process. Entry there and in the manner described was wrongful, and the service improper. Mason v. Libbey, 1 Abb. N. C. (N. Y.) 354. Application to set service aside granted, with $10 costs.

Application granted, with $10 costs.