A. E. SNOW, Respondent, v. E. M. WEST, Appellant.

No. 1926. Decided January 19, 1909 (99 Pac. 674).

1. LIMITATION OF ACTIONS—WRONGFUL EXECUTION—ACTION FOR DAMAGES. An action against a judgment creditor for directing the levy and sale under an execution of exempt personal property is within Comp. Laws 1907, sec. 2877, providing that an action for t~l ing personal property must be commenced within three years, and is not within section 2878, providing that an action against a sheriff or other officer on a liability incurred by the doing of an act in his official capa ity must be commenced within two years; the latter section applying only to officers, and not including a judgment creditor. (Page 208.)

2. EXEMPTIONS—PERSONS ENTITLED TO CLAIM EXEMPTIONS—STATU...'S—CONSTRUCTION. Comp. Laws 1907, sec. 3245, exempting from execution, except as otherwise specially provided, "chairs, ta'les, . . . to the value of $200, and the library belonging to the judgment debtor; also musical instruments in a~tual use of the family; necessary household . . . furniture belonging to the judgment debtor, to the value of $300"—when considered in the light of the history of the legislation, showing that the provision exempting musical instruments is an added provision, and when considered in connection with section 3247, providing that none of the exemptions are for the benefit of nonresidents, etc., creates exemptions, with the exception of musical instruments, for the benefit of the judgment debtor, whether or not he is the head of a family. (Page 210.)

3. EXEMPTIONS—WRONGFUL EXECUTION—ACTIONS—ESTOPPEL. Under Comp. Laws, 1907, sec. 3248, providing that the officers executing the writ of execution must return to the judgment debtor any excess in the proceeds over the judgment and accruing costs, etc., and independent of the statute, a judgment debtor who accepts the surplus proceeds realized from the sale of his property

under execution, when tendered by the officer, is not estopped from suing for the seizure and sale of his exempt property, and the payment of the surplus only liquidates the claim for damages. to the extent of such payment. (Page 211.)

APPEAL from District Court, Third District. *Hon. M. L. Ritchie,* Judge.

Action by A. E. Snow against E. M. West and others. From a judgment for plaintiff against defendant E. M. West, he appeals.

AFFIRMED.

*P. T. Farnsworth* for appellant.

*C. G. Gatrell* and *Frank B. Stephens* for respondent.

McCARTY, J.

This action was brought against C. Frank Emery, sheriff of Salt Lake county, Joseph C. Sharp, deputy sheriff, and E. M. West, appellant herein, to recover damages which plaintiff claims he has sustained by reason of an alleged wrongful seizure and sale of certain personal property belonging to respondent (plaintiff), and claimed by him as exempt from execution. The said seizure, levy, and sale were made under and by virtue of the executions issued out of the city court of Salt Lake City upon two judgments in favor of West, appellant, and against Snow, respondent herein. It is alleged in the complaint that the property levied upon and sold consisted of certain chairs and tables of the value of $100, the private library of the plaintiff of the value of $2,000, necessary household, table, and kitchen furniture, carpets, bed and bedding in actual use by the plaintiff of the value of $325. It is also alleged in the complaint that said levy and sale were made by said Emery and Sharp at the express request of defendant West, and that plaintiff, at the time the levy was made, and also at the time of the sale, claimed said property as exempt

from execution, and protested against the seizure and sale thereof on that ground. The action was commenced March 27, 1906, more than two, and less than three years after the seizure and sale of the property took place. Defendants answered, and one of the defenses set up was the statute of limitations. A trial was had, which resulted in a verdict in favor of plaintiff and against defendant West for the sum of $1,050. To reverse the judgment rendered on the verdict, West has appealed to this court.

Appellant contends that the cause of action is barred under section 2878, Comp. Laws 1907. This section, so far as material here, provides that "an action against a marshal, sheriff, constable, or other officer, upon a liability incurred by the doing of an act in his official capacity, and in virtue of his office," can only be commenced within two years from the time of the accrual of such action. Section 2877, Comp. Laws 1907, provides, among other things, that "an action for taking, detaining, or injuring personal property" must be commenced within three years. The trial court, in effect, held that the action as to Emery and Sharp was barred under section 2878, but held that the action as to West, appellant would not be barred until three years from the time it accrued. The court was right, for section 2878 applies only to a certain class of individuals, and it clearly appears that appellant does not belong to that class. Therefore the contention that he is entitled to the same benefit of the statute as Emery and Sharp is untenable. Emery and Sharp, having seized and sold the property in question under legal process and in their official capacity, and the action not having been commenced within two years from the time of the accrual thereof, it follows that it was barred as to them; but whatever appellant may have done in the premises he did in his individual capacity, and not as an official. He was the judgment creditor in whose favor the execution was issued and at whose request the property was levied upon and sold. Therefore it is plain that the action as to him does not fall within section 2878, but comes within section 2877, which

prescribes a period of three years within which actions of this kind must be commenced from the time they accrue.

The court instructed the jury, in part, as follows: That, under the "law of the state of Utah in force at the time of the alleged seizures and sales complained of, . . . . all persons in the state, except nonresidents or persons about to depart from the state with intention of removing their effects therefrom," were entitled to hold exempt from execution personal property as follows (quoting from section 3245, Comp. Laws 1907): "(1) Chairs, tables and dishes to the value of two hundred dollars, and the library belonging to the judgment debtor to the value of three hundred dollars, . . . all carpets in use, also all beds and bedding of every person or family." Appellant duly excepted to the giving of the foregoing instruction, and also to the refusal of the court to instruct the jury that respondent had no right to claim his library and household furniture as exempt property, and that they should disallow any claim made by him by reason of the seizure and sale of said property. The record shows: That, at the time of the seizure and sale of the property mentioned, respondent was a single man; that there was no one dependent upon him for support; that he lived alone in two rooms, which he rented; that he used one of the rooms as a bedroom and the other as a library and sitting room. Appellant insists that the articles enumerated in the foregoing instruction are not exempt to any one who is not the head of a family, and, as respondent was not the head of a family at the time of the seizure and sale of the property in question, he was not entitled to the benefit of the exemption provided for in section 3245, Comp. Laws 1907.

This section, so far as material here, provides that: "The following property is exempt from execution except as herein otherwise specially provided: (1) Chairs, tables and desks to the value of $200, and the library belonging to the judgment debtor; also musical instruments in actual use in the family; (2) necessary household, table, and kitchen furniture belong-

ing to the judgment debtor, to the value of $300." We think it is plain that these exemptions, with the exception of the musical instruments mentioned in the first subdivision, are for the benefit of the judgment debtor, regardless of whether or not he is the head of a family. The statute does not say that the judgment debtor must be the head of a family in order for him to claim the benefit of the exemptions. The statute provides that the "judgment debtor"— that is, any judgment debtor who does not come within the exception mentioned in section 3247, Comp. Laws 1907— may claim the benefit of these exemptions. Appellant invites attention to the exemption in subdivision 1 of "musical instruments in actual use in the family," and contends that the way in which this exemption is associated with the preceding provisions clearly indicates that it was the intention of the Legislature to limit the benefits of subdivisions 1 and 2 to judgment debtors who are heads of families. By an examination of section 570, Code Civ. Proc. 1884 (Laws 1884, p. 256, c. 55), it will be seen that the subdivisions thereof from 1 to 10 are, with a few exceptions, substantially the same as the corresponding subdivisions of section 3245, Comp. Laws 1907. It will also be noticed that "musical instruments in actual use in the family" were not exempt under the law as it was enacted in 1884. This provision first appears in the revision of 1898, which clearly shows that it was merely an enlargement of the exemptions for the benefit of the family, and was not intended to restrict the benefits to judgment debtors who are heads of families. (*Geiger v. Koblika*, 26 Wash. 171, 66 Pac. 423, 90 Am. St. Rep. 733.) Under appellant's construction of the statute, the only exemptions that could be claimed by a judgment debtor not the head of a family would be wearing apparel and provisions for three months. Neither the team, implements, and seed of a farmer, the notarial seal and records of a notary public, the instruments of a surgeon, the professional libraries of attorneys, the cabin and appliances of a miner, the team and vehicle of a teamster, hackman, peddler, or other

laborer, the type, presses, and material of a printer, the arms, ammunition, uniforms, etc., required by law to be kept, etc., nor the numerous other articles mentioned as exempt property in subdivisions 3, 4, 5, 6, 8, and 9 of section 3245, Comp. Laws 1907, would be exempt unless the judgment debtor were the head of a family, which, we think, cannot be the true intent of the statute.

The record shows that, after the judgment and costs were paid in full, the officer, defendant Sharp, who levied upon the property and conducted the sale thereof, had a surplus of four cents from the proceeds of the sale, and that this amount was paid to one J. M. Bowman as the attorney and representative of the respondent. Appellant in his answer pleaded the payment to and acceptance by Bowman as the attorney for respondent as a waiver by him of any and all damages, if any, sustained by him, and that he was thereby estopped "from maintaining or recovering upon . . . the alleged cause of action therein set forth." The court withdrew this issue from the jury on the ground that the evidence was not sufficient to support a finding by the jury that Bowman was respondent's attorney. Appellant contends that this was error; his contention being that there was sufficient evidence in his favor on this point to entitle him to have the question submitted to the jury. There is no merit to this assignment of error. If it were conceded that the surplus of the proceeds of the sale was turned over to and accepted by appellant, the plea of estoppel could not be maintained. (*Stanton v. French,* 83 Cal. 194, 23 Pac. 355.) Section 3248, Comp. Laws 1907, provides that:

"The officer must execute the writ against the property of the judgment debtor by levying on a sufficient amount of the property, if there be sufficient; collecting or selling the things in action, and selling the other property, and paying the plaintiff, or his attorney, so much of the proceeds as will satisfy the judgment; any excess in the proceeds over the judgment and accruing costs must be returned to the judgment debtor, unless otherwise directed by the judgment or order of the court."

It will thus be seen that the statute makes it the positive duty of an officer who has levied upon and sold property of the judgment debtor under execution to turn over to the judgment debtor the surplus of the proceeds of the sale, if any, after satisfying the judgment and paying all accrued costs, or "pay such money into the court or to the clerk thereof, issuing the process upon which such money is collected or received," as provided by section 587, Comp. Laws 1907; and that, too, regardless of whether or not the property levied upon and sold was exempt from execution. But, independent of the statute, we know of no rule of law which holds that a judgment debtor, by accepting the surplus proceeds realized from the sale of his exempt property under execution, when tendered by the officer, as respondent claims was done in this case, is estopped from maintaining an action for damages for the unlawful seizure and sale of his property. All that can be claimed for the payment of the surplus proceeds, under such circumstances, is that it liquidates the claim for damages to the extent of such payment. It follows from what we have said that the court did not err in withdrawing this issue from the jury.

There are several other errors assigned, but they do not contain sufficient merit to warrant a discussion of the points involved.

We find no reversible error in the record.

The judgment of the lower court is therefore affirmed, with costs to respondent.

STRAUP, C. J., and FRICK, J., concur.