## SNOW v. WEST.

No. 2115. Decided June 3, 1910. An Application for Rehearing, August 1, 1910 (110 Pac. 52).

1. JUDGMENT—CONSTRUCTION—CERTAINTY. Judgments should be construed as other writings, and are enforceable if they are certain in the light of the pleadings and the whole record, so that where the records show that a judgment for "the sum of 242.98," omitting the dollar mark, was for that sum of money, the judgment was sufficiently certain. (Page 532.)

2. JUDGMENT—SET-OFF—JUDGMENT TO ANOTHER'S USE. One to whose use a judgment is obtained in another's name can use the judgment by way of set-off against another judgment. (Page 533.)

3. JUDGMENT—ASSIGNMENT—PAROL ASSIGNMENT. A parol assignment of a judgment is valid, in absence of a prohibtory statute. (Page 534.)

4. JUDGMENT—SET-OFF—MUTUAL JUDGMENT. Whether mutual judgments may be satisfied by being set off against each other rests largely within the court's discretion, and judgments may be set off where the right to do so is clear, but ordinarily where different interests are involved, the application to set off judgments should be made in equity and controlled by equitable principals. (Page 534.)

5. APPEAL AND ERROR—ASSIGNMENT OF ERROR—FAILURE TO ASSIGN ERROR—HARMLESS ERROR. A judgment cannot be modified or reversed on appeal, because of an error of which no one complained. (Page 535.)

6. EXEMPTIONS—PROPERTY EXEMPTED—JUDGMENTS. Under Comp. Laws 1907, sec. 3244, providing that whenever any personal property exempt is levied upon or wrongfully sold under execution resulting damages shall be exempt from execution, a judgment for the value of exempt property wrongfully sold under execution was also exempt. (Page 535.)

7. EXEMPTIONS—RIGHTS OF ASSIGNEE. Since, under Comp. Laws 1907, sec. 3247, providing that non-residents or persons about to leave the state with the intention of becoming non-residents are not entitled to the benefits of the exemption laws, one who left the state in January, 1905, lost the right to have a judgment, rendered in an action begun March 6, 1906, exempt on the ground that it was for damages for wrongful levying on exempt property, one to whom he assigned the claim sued on in 1907 could not claim that the judgment rendered thereon was exempt. (Page 536.)

8. EXEMPTIONS—LAPSED EXEMPTIONS. That a judgment for damages for wrongfully levying upon exempt property was also exempt when rendered would not prevent a judgment against the person, in whose favor the exempt judgment was rendered, from being set off against such judgment, after it and the claim on which it was based had ceased to be exempt by the owner leaving the state. (Page 536.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

37 Utah—34

Action by A. E. Snow against E. M. West, in which M. R. Brothers, as assignee, was substituted as plaintiff.

Judgment allowing defendant to set off judgments. Brothers appeals.

AFFIRMED.

*D. H. Wenger* for appellant.

*James Ingebretsen* for respondent.

FRICK, J.

This was a proceeding to set off judgments. The court entered judgment allowing the set-off, and appellant presents the record on appeal.

The material facts in substance are: That on the 27th day of March, 1906, A. E. Snow, who is desigated as plaintiff, commenced an action against respondent to recover the value of a certain law library and other property which said Snow claimed was exempt from execution and forced sale, and which said property had theretofore been seized and sold on an execution issued on a judgment in favor of respondent and against said Snow; that after said action was commenced by said Snow, he, on the 20th day of June, 1907, assigned his alleged cause of action to the appellant, subject, however, to the lien of Snow's attorney, and upon the condition that if judgment should be obtained in said action the proceeds (subject to the attorney's lien aforesaid) should be applied (1) to pay the sum of about $475 owing by said Snow to appellant, the assignee, (2) to pay one Eliza Snow Dumford "my (Snow's) indebtedness to her, whatever the same may be," and (3) the remainder, if any, in equal parts to A. E. Snow and George L. Savage "to apply upon my (Snow's) indebtedness to them;" that thereafter, on the 12th day of September, 1907, a judgment was obtained in said action in favor of Snow and against respondent for the sum of $1050 and costs, which judgment was, by this court, affirmed in

January, 1909 (*Snow v. West*, 35 Utah, 296, 99 Pac. 674), where it was held that the property involved in said action was exempt from forced sale on execution. It is also made to appear that on the 8th day of December, 1903, one F. H. Hyde in a certain action pending in the city court of Salt Lake City wherein said Hyde was plaintiff and said Snow was defendant a judgment was duly entered in said action in favor of said Hyde and against said Snow, which judgment, with interest, costs, and accrued costs, on the date judgment was entered in this proceeding, amounted to the sum of $362.20; that in entering said judgment in said court it was entered in figures merely for "the sum of $242.98," with the decimal point as indicated, but without any dollar sign or mark, or without expressly indicating in words what said figures stood for; that from the complaint filed in said action, and from an inspection of the record introduced in evidence, it is clear for what amount said action was brought and for what amount the court rendered judgment therein; that said action was brought in the name of said Hyde upon a promissory note made and delivered by said Snow to respondent, which note was assigned or indorsed to said Hyde, who was a collector, for collection, and said judgment, while in the name of said Hyde, nevertheless, was always in truth and in fact the property of respondent who paid the costs in said action and also paid said Hyde his commission or fees for obtaining said judgment; that said Hyde after said judgment was obtained as aforesaid, "turned over," as respondent puts it, or assigned the same to respondent and afterwards made a written assignment thereof to him; that on the 13th day of February, 1903, in the court last above named, respondent obtained another judgment against said Snow on which there was due, when the judgment appealed from herein was rendered, the sum of $139; that the property belonging to said Snow was seized and converted as aforesaid in December, 1903, at which time he was a practicing attorney and resident of the state of Utah, and by reason of which said property was exempt to him; that in the month of January, 1905, and long before the assign-

ment of the claim by said Snow to appellant, and long before the judgment in said action was obtained, said Snow departed from and ceased to be a resident of the state of Utah and became a resident of Kansas City in the state of Missouri where he practiced his profession as a lawyer, and that at no time since his departure from the state of Utah as aforesaid has he been a resident thereof. It also appears that a notice of the assignment of the claim from Snow to appellant was served on respondent a few days after judgment was obtained in the action; that no part of the judgment has been paid by respondent, or otherwise, and the same is in full force and effect.

Upon substantially the foregoing facts the district court granted respondent's motion for set-off as follows: The court set off $362.20, the amount of the judgment obtained by Mr. Hyde, and the further amount of $139, the amount of the judgment obtained by respondent, which left unpaid and in force on the Snow judgment, on the date the set-off was made, the sum of $653.35, and all costs. No one is here complaining, except the appellant, the assignee of Mr. Snow.

The first assignment of error to be noticed is that the court erred in permitting the judgment which was entered for "the sum of 242.98" to be set off, for the reason that the same is not a judgment for an amount certain and is therefore void. The cases of *Carpenter v. Sherfy,* 71 Ill. 427 and *Avery v. Babcock,* 35 Ill. 175, cited by appellant in support of his contention, seem to hold as contended for. We do not think, however, that those cases are based on sound legal principles. No doubt, judgments should be specific and certain. Judgments should, however, be read, construed, and applied as other writings are, and if in the light of the pleadings and the whole record they are certain, they should be enforced. This, we think is the doctrine announced by the better reasoned cases, and is supported by the text-writers. In referring to this subject in 1 Black on Judgments, section 118, where the author to some extent reviews the cases, he says: "An obscure or ambiguous designation of the parties of the subject-matter in-

volved may be construed, as we have seen, with reference to the other parts of the record. And if the pleadings, or the verdict, show the actual amount of the recovery, without any doubt or room for mistake it would seem that the judgment should not be considered invalid, at least as between the parties, for its failure to specify the sum awarded with precision." The foregoing text is supported by the cases of *Carr v. Anderson,* 24 Miss. 188, and *Gutzwiller v. Crow,* 32 Minn. 70, 19 N. W. 344, in which the facts were similar to those in the case at bar. See, also, Freeman on Judgments, section 48. Any person of ordinary intelligence who should inspect the entry of the judgment in question would, we think, not have the slightest hesitancy or doubt with respect to arriving at the amount of the judgment. Should a writing or record which would be read and understood by all ordinary men in but one sense, nevertheless, be held to be uncertain by a court of justice because certain signs, marks, or words, usually used are wanting? It would seem that any writing or record that is certain to all ordinary minds should likewise be sufficiently certain in a court of justice. Common sense should not be lost sight of entirely merely because a court acts in conformity to certain rules of evidence. We are satisfied that, in view of the whole record and the manner in which the figures were written and pointed off, the amount of the judgment in question was no more uncertain than if the dollar sign or mark had in fact been used, or if the words "dollars" and "cents" had been written out in full after the figures. This assignment must therefore be overruled.

It is, however, further urged that respondent did not become the owner of said judgment until after he was served with notice of the assignment of the claim by Snow to appellant, and hence the judgment could not legally be set off against the Snow judgment. We cannot assent to this contention. The judgment was in fact always the property of respondent, and Mr. Hyde never had any beneficial interest in it. A judgment, under such circumstances, if there are no other valid obstacles in the way,

may be the subject of set-off. Referring to this subject, in 2 Black on Judgments, section 1003, the author says: "But it is also held that the use plaintiff—one to whose use a judgment has been obtained in the name of another—has an equitable right to use the judgment by way of set-off." Mr. Hyde certainly obtained the judgment for the use of respondent. This is not even questioned. But apart from this, the evidence is to the effect that the judgment obtained by Hyde was by parol transferred or assigned to respondent long before Snow assigned his claim to appellant. A parol assignment of a judgment, in the absence of an express statute prohibiting it, is valid. (*Steele v. Thompson,* 62 Ala. 323; *Garvin v. Hall,* 83 Tex. 300, 18 S. W. 731; *Smith v. Peck,* 128 Cal. 527, 61 Pac. 77; 2 Black on Judgments, section 945; 23 Cyc. 1416, and cases cited in note 5.)

Respondent therefore, in either view, was the owner of the judgments in question which were made the subject of set-off. If there were no other legal obstacle in the way, the two judgments in favor of respondent and the one in favor of Snow which was conditionally assigned to appellant were, in our judgment, the subject of set-off. Whether mutual judgments should be set off and satisfied in that way, rather than by the ordinary method of enforcing them, rests largely within the discretion of the court to which the application is made. Under the modern rule courts of law may set off judgments where the right to do so is clear. Ordinarily, however, where there are different interests involved, the application should be made in equity, and the matter should be controlled by equitable principles. (2 Black on Judgments, section 1000.) While in the case at bar it is disclosed that different parties were perhaps interested, who were not made parties, yet it also appears that the interests of those parties were inferior to those of respondent, and hence if any error was committed in not bringing all the parties who had an apparent interest in the Snow judgment before the court, the error is without prejudice. Moreover, there is no one complaining upon that score, and

hence the judgment of the district court, so far as this appeal is concerned, cannot, for that reason, be modified or reversed.

The following cases sustain our conclusion that, under the facts and circumstances, the judgments in question should be set off against each other *pro tanto*. (*Hendrickson v. Brown*, 39 N. J. Law, 239-243; *Hobbs v. Duff*, 23 Cal. 596; *McBride v. Fallon*, 65 Cal. 301, 4 Pac. 17; *Haskins v. Jordon*, 123 Cal. 157, 55 Pac. 786.) See, also, 2 Black on Judgments, sections 953, 954, 1000, and 1001, where the question is discussed and the cases on the subject are, in part, collated.

It is, however, contended that the judgments of respondent could not legally be set off against the Snow judgment because the latter judgment was, in legal effect, immune against set-off, for the reason that it represented property which was exempt from seizure and sale on execution. We have already pointed out that we held in *Snow v. West, supra*, that the property converted by the respondent, for which the Snow Judgment was obtained, was exempt. Section 3244, Comp. Laws 1907, reads as follows:

"Whenever any personal property exempt, as provided in this title, is levied upon, seized, or sold by virtue of an execution, or wrongfully and unlawfully taken or detained by any person, the damages sustained by the owner thereof by reason of such levy, seizure, or sale, or unlawful detention or taking, and any judgment recovered therefor, shall be exempt from execution."

The judgment therefore stood as representing the property, and if the property was exempt, the judgment was so. This is generally held to be the law independent of statute, as the following cases demonstrate: *Collier v. Murphy*, 90 Tenn. 300, 16 S. W. 465, 25 Am. St. Rep. 698; *Pickrell v. Jerauld*, 1 Ind. App. 10, 27 N. E. 433, 50 Am. St. Rep. 192; *Millington v. Laurer*, 89 Iowa, 322, 56 N. W. 533, 48 Am. St. Rep. 389, and note; *Howard v. Tandy*, 79 Tex. 450, 15 S. W. 578; *Below v. Robbins*, 76 Wis. 600, 45 N. W. 416, 8 L. R. A. 467, 20 Am. St. Rep.

89; *Cullers v. May,* 81 Tex. 110, 16 S. W. 813; *Wylie v. Grundysen,* 51 Minn. 360, 53 N. W. 805, 19 L. R. A. 33, 38 Am. St. Rep. 509; *Junker v. Hustes,* 113 Ind. 524, 16 N. E. 197; *Cleveland v. McCanna,* 7 N. D. 455, 75 N. W. 908, 41 L. R. A. 852, 66 Am. St. Rep. 670; *Beckman v. Manlove,* 18 Cal. 389.

In view of our statute, however, the question is not open for discussion in this state. If Snow, or his assignee, the appellant, was still entitled to claim the judgment exempt when the court allowed and entered the judgment of set-off, it may well be that the court erred in entering said judgment. For the purposes of this decision we shall assume, without deciding, that the assignment of the claim from Snow to the appellant conferred upon him all the usual and ordinary rights of an assignee. By section 3247, which is in harmony with the law generally, it is provided that non-residents, or those who are about to depart from the state with the intention of becoming residents elsewhere, are not entitled to the benefits of our exemption laws. Snow left this state and ceased to be a resident thereof in January, 1905; the assignment of his claim to appellant was not made effective as against respondent until September, 1907, and the set-off of the judgments was not made until the 23d day of July, 1909. Snow therefore had forfeited his **7, 8** right to hold either the claim or judgment exempt before the assignment to appellant was made, and appellant thus acquired and can claim no rights Snow could not claim when the assignment was made, in so far as exemptions are concerned. This is clearly the logic of the cases of *Millington v. Laurer* and *Cullers v. May, supra.* In both of those cases claims that were exempt were assigned, and in both it is clearly intimated that the exemptions were held available to the assignees only because the assignments were for value, and were made at a time when the assignor had a right to enforce his exemption rights. Such is not the case here. Neither when the assignment nor when the set-off was made by the court could either Snow or appellant have enforced the exemption as against respondent. Moreover, the authori-

ties we have cited are clearly to the effect that appellant always held the claim assigned to him a subordinate to respondent's judgments, and unless he can claim the judgment based on said claim as exempt, his rights are inferior to those of respondent. From what we have said it follows that he cannot sustain such a claim. This is the view the district court entertained, and in view of the facts and circumstances, and the law, applicable thereto, we are of the opinion that the judgment of the court is right.

What we have said also disposes of all the other questions raised by appellant.

The judgment is therefore affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.

ON APPLICATION FOR REHEARING.

FRICK, J.

Appellant has filed a petition for rehearing upon the ground that we have failed to consider a material question. In determining the case we were of the opinion that the question now urged by counsel was not involved, but in view of his strenuous insistence and in deference to his contention we have concluded to make a few observations upon his application for rehearing. In support of the application counsel insists that the result reached by us in the opinion filed is contrary to the equitable doctrine that in a court of justice no one will be permitted to benefit by his own wrong. The contention is now seriously made that inasmuch as appellant's judgment was obtained by reason of respondent's wrongful and unlawful acts in causing appellant's exempt books to be sold upon exception, and that appellant's judgment was for that reason also exempt, that therefore if respondent be permitted, as we have held, to set off the judgments he has obtained against appellant's judgment obtained as aforesaid, that respondent will be permitted to benefit by his own wrong. Numerous cases are cited in which it has

been held that where A by stelth, fraud or misrepresentation has induced B to come or go into a jurisdiction other than that of B's residence, and A thus obtains service of legal process upon B in the foreign jurisdiction, or where A by the means aforesaid obtains a judgment or other legal advantage over B, that the courts will not permit A to profit by his wrong, but will quash such service upon the application of B, or arrest the enforcement of a judgment thus obtained. That this doctrine is sound, wholesome and just and should be enforced in all proper cases no one can doubt, and it is well illustrated and applied in the following among other cases to which we have been referred by counsel: *Pomroy v. Parmlee,* 9 Iowa, 144, 74 Am. Dec. 328; *Chubbuck v. Cleveland,* 37 Minn. 466, 35 N. W. 362, 5 Am. St. Rep. 864; *Wood v. Wood,* 78 Ky. 624; *Dunlap v. Cody,* 31 Iowa, 260, 7 Am. Rep. 129; *Hill v. Goodrich,* 32 Conn. 588; *Cavanagh v. Manhattan Tr. Co.* (C. C.), 133 Fed. 818; *Olson v. McConihe,* 54 Misc. Rep. 48, 105 N. Y. Supp. 386.

The counsel who makes the application frankly admits that he has found no case where the facts were as in the case at bar. Neither have we, and neither the doctrine invoked by counsel nor the cases cited by him, in our judgment, can have any application in this case.

It is not questioned that respondent's judgments were based upon just claims, and that they were legally and properly obtained. True it is that appellant's judgment was based upon the wrongful and unlawful acts of respondent in causing exempt property to be levied on and sold. The judgment that respondent obtained represented the exempt property, and for that reason was likewise exempt. But the judgment which in contemplation of law is property, lost its exempt character and ceased to be immune from legal attack by reason of the non-residence of appellant long before the district court allowed respondent's judgments to be set off against appellant's judgment. Suppose appellant had ceased to be a resident of this state and had left his books here, would any one question the right of any creditor to seize his books by legal process and sell them, and apply the proceeds

thereof to the satisfaction of a judgment upon which such process had duly issued? After appellant had ceased to be a resident of this state his books ceased to be immune against levy and sale. They then lost their exempt character. No one would be bold enough to contend, we think, that because the books at one time were exempt, that for that reason they always continued to be so notwithstanding the fact that the conditions upon which their exempt character was based no longer existed. What is true of the books is true with respect to appellant's judgment. When the books ceased to be exempt they could be seized on execution and sold, and when the judgment ceased to be exempt it too could be made available by appellant's creditors, and they, could reach it by any process known to the law, and one way to reach such a judgment was by way of setting off the judgments appellant's creditors had against the judgment he had against them. As it would have been neither wrongful nor unlawful to have seized the books on execution after appellant had lost his right to claim them as exempt, it likewise could not be wrongful for respondent to ask that his judgments against appellant be offset against the judgment appellant had against respondent. It is manifest therefore that the doctrine contended for by counsel can have no application to the facts of this case. This being so, and no good reason appearing why a rehearing should be granted, it ought to be, and accordingly is, denied.

STRAUP, C. J., and McCARTY, J., concur.