### BELL v. LAWRENCE et al.

(City Court of New York, Special Term. March, 1913.)

PROCESS (§ 65*)—SERVICE OBTAINED BY SUBTERFUGE.

　　Where a process server, in order to serve a summons and complaint, obtained entrance to defendant's house and bedroom by falsely representing that he bore an important letter for her, which he had been directed to deliver to no one else, the service would be set aside.

　　[Ed. Note.—For other cases, see Process, Cent. Dig. § 51; Dec. Dig. § 65.*]

Action by Elizabeth T. Bell against Julia Wath Lawrence and another. On motion to set aside the service of the summons and complaint. Motion granted.

O'Gorman, Battle & Marshall, of New York City, for plaintiff.
Baylis & Sanborn, of New York City, for defendant Lawrence.

FINELITE, J. This is a motion made by the defendant to set aside the service of the summons and complaint herein, on the ground that the process server resorted to trickery and device in order to serve same upon the defendant.

The affidavit of the defendant used on this motion shows that on the 28th day of February, 1913, deponent was in the bedroom of her residence at No. 142 West Eighty-Sixth street; that a young man appeared at the house, and stated that he bore an important letter from Dr. Henry B. Shaw, the codefendant in this action; that deponent expected to receive from Dr. Shaw the original note on which this action is maintained, pursuant to an agreement to that effect, whereby said note was to be renewed if deponent could not conveniently pay the same; that the said messenger by reason of said statement was admitted to the house, and was allowed to go upstairs to the door of deponent's bedroom; that he was there met by deponent's husband; that the said process server again stated that he bore an important letter from Dr. Shaw, and exhibited what purported to be such a letter, and that he had received instructions to deliver the letter to no one but the defendant Lawrence personally; that thereupon he was admitted into the room; that he put the pretended letter in his pocket and served upon the deponent the summons and complaint herein. The subterfuge resorted to, to effect such service upon the defendant, has been held to be wrongful and improper. Olson v. McConihe, 54 Misc. Rep. 48, 105 N. Y. Supp. 386; Mason v. Libbey, 1 Abb. N. C. 354; Campbell v. Spencer, 1 How. Prac. 199; Livingston v. McIntyre, 1 How. Prac. 253.

The motion to set aside the service must therefore be granted, but, however, without costs.