J. Irwin Shapiro, J.
Motion 11 for an order vacating and setting aside the service of the summons herein on the ground that the said defendant was enticed into the office of the attorney for the plaintiff for the purpose of deceitfully effecting such service.”
The plaintiff argues that defendant was not enticed into the office of its attorney and the defendant argues that its officer was so enticed. A question of fact is thus raised which could not be determined without a hearing. However, as the court *905 sees it, a determination of the factual issue is not germane to a proper resolution of this motion for, even if full credence were given to the defendant’s contention that its president “was enticed into the office of the attorney for the plaintiff,” it would afford no ground for the granting of this application. The defendant is a domestic corporation. Insofar as appears from the papers its president is also a New York resident. This is not a case where a nonresident was by a ruse or deception lured into our jurisdiction for the purpose of having process served upon him.
In Gumperz v. Hofmann (245 App. Div. 622, affd. 271 N. Y. 544) it appeared that the defendant, a physician, was a resident of Buenos Aires, who was voluntarily sojourning at a hotel within this State. The process server left a message that Dr. Goldman had called and that he had a letter to the defendant from the New York County Medical Society “to be personally delivered to the defendant ” (p. 623) and by use of those false and deceptive statements he “ arranged with the defendant to meet him in the lobby of the hotel” (p. 623) where he was served with a summons. In refusing to set aside the service, although agreeing with Special Term ‘ ‘ in its determination of the facts ” that service had been “ effected through fraud and deceit ” the court said (pp. 623-624):
‘ ‘ Whether such a deception as was practiced here will vitiate services of process is a question which does not appear ever to have been decided by this court or by the Court of Appeals. It has indeed frequently been held that service of process will be set aside where the defendant has been enticed into the jurisdiction for that purpose. (Olean R. Co. v. Fairmount Co., 55 App. Div. 292; Garabettian v. Garabettian, 206 id. 502; Snelling v. Watrous, 2 Paige, 314; Beacon v. Rogers, 79 Hun 220; Metcalf v. Clark, 41 Barb. 45.) These and like cases are distinguishable because in each of them the party was induced to come here from another State to which our jurisdiction did not extend. (Atlantic & Pacific Telegraph Co. v. Baltimore & Ohio R. R. Co., 46 N. Y. Super. Ct. [14 J. & S.] 377; affd. 87 N. Y. 355.) There are, however, some decision of courts of first instance (Mason v. Libbey, 1 Abb. N. C. 354; Bell v. Lawrence, 140 N. Y. Supp. 1106; Olson v. McConihe, 54 Misc. 48), and one decision of the Appellate Term (Bernstein v. Hakim, 126 Misc. 582), which hold that even where the defendant is within the jurisdiction, service of process will be set aside if made under conditions similar to those which existed here. It is necessary to decide now whether we will follow these decisions.
*906 “ We think that legal as well as practical considerations preponderate in favor of the rule that service is not to be invalidated merely because secured by a deception practiced on the defendant, which, in no true sense, was injurious to him. It may fairly be said that there is a duty upon persons within the jurisdiction to submit to the service of process. Although that duty is not legally enforcible, it is, broadly speaking, none the less an obligation which ought not to be evaded by a defendant whom it is attempted to serve. The deception here was, therefore, practiced for the purpose, and had only the effect, of inducing the defendant to do that which in any event he should voluntarily have done.
“We cannot fail to be aware of the difficulties which beset the server of process on a defendant who is unwilling to be served, for it is evident that if he discloses his intentions such a defendant is likely to be even more inaccessible than before. For that reason alone we should hesitate to surround the service of process with unnecessary limitations. Needless to say, we do not approve of misstatements made to procure service of process, but, except where the defendant has been lured into the jurisdiction, we think the service is separable from these. ’ ’
When the matter went to the Court of Appeals (271 N. Y. 544, 545) the certified question read: “ ‘Should service of a summons in a civil action against a non-resident who is voluntarily sojourning within the state be set aside because the process server, in order to effect personal service, misrepresented himself to be a person bearing a note which had to be delivered personally to the defendant? ’ ” The court affirmed the order of the Appellate Division sustaining the service and said “ question certified answered in the negative.”
This defendant, being a domestic corporation, was here all the time. It is not contended that its president is a nonresident so we may fairly assume that he, too, is a resident of this State. Under such circumstances there was a duty to submit to and not to avoid service of process. The use of a ruse or deception to effect service of process does not, of course, commend itself to the court, but such use does not, in the court’s opinion, under the circumstances here present invalidate or legally taint the process so served.
The motion is, therefore, denied with leave to the defendant to appear and answer within 10 days after the service of a copy of the order hereon with notice of entry thereof.
Submit order.