[No. 3916.    Decided September 25, 1901.]

JOHN GEIGER, *Respondent,* v. FRANK KOBILKA, *Appellant.*

EXEMPTIONS — MECHANICS WITHOUT FAMILIES — INTERPRETATION OF STATUTE — "AND" CONSTRUED AS "OR."

A mechanic who is neither the head of a family nor a householder is entitled to exemption from execution under Bal. Code, § 5248, subd. 6, which exempts "to a mechanic, the tools and instruments used to carry on his trade for the support of himself *and* family, also ·material used in his trade, not exceeding in value $500 in coin," since the word "and" before "family" should be construed as "or" for the reason that in all the other subdivisions of the exemption statute designating the class of persons who are exempt the disjunctive "or". is used, and there is nothing in the statute justifying an interpretation that mechanics should be subjected to a different rule from. that applied to members of other trades and vocations.

Appeal from Superior Court, Kittitas County.—Hon. FRANK H. RUDKIN, Judge. Affirmed.

*L. A. Vincent,* for appellant.

*Edward Pruyn,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent instituted this suit to recover possession of certain personal property which had theretofore been levied upon and seized by the sheriff of Kittitas county under a general execution in favor of appellant. The complaint alleges that respondent is an unmarried man and is not the head of a family, but is by occupation a mechanic, to-wit, a tailor, and works as such for the support of himself; that he has a tailor shop in the city of Ellensburg, where he is now and has been working at his said trade as a tailor in making and repairing clothing for those who employ him so to do; that the property levied upon consists of tools and instruments needed and used by respondent to carry on his trade for his own support, and also materials used for the same purpose; that none of said materials were kept for the purpose of sale, but were kept by respondent to be used by him exclusively in manufacturing suits of clothes and parts of suits of clothes for his patrons, and the same were at no time offered by him for sale except when manufactured by him into clothing for his patrons; that the judgment under which said execution issued was not rendered for the purchase price of any of said tools, instruments, or materials, and the same was not a lien thereon; that said property is of the value of $500, and respondent has no other property and no other business or means of support for himself than the tailor business; that he has worked at said trade continuously for many years last past and it is the only trade or business in which he can engage; that respondent filed with the sheriff a verified list of all the property owned by him, the same being a list of the property levied upon, and claimed said property to be exempt from execution, and

demanded its release from the levy of said execution, which
was refused.   To the complaint appellant interposed a
general demurrer which was by the court overruled.   Ap-
pellant elected to stand upon his demurrer, and refused to
plead further.   Thereupon judgment was entered in favor
of respondent, to the effect that he was the owner and
entitled to the possession of the property involved.   From
said judgment this appeal was taken.

It is assigned as error that the court overruled the de-
murrer and entered judgment for respondent.   The ques-
tion presented involves the statute on the subject of ex-
emptions, and calls directly for an interpretation of subd.
6, § 5248, Bal. Code.   The said subdivision reads as fol-
lows: "To a mechanic, the tools and instruments used to
carry on his trade for the support of himself and family,
also material used in his trade, not exceeding in value
$500 in coin."   It is insisted by appellant that the words
"for the support of himself and family" must be construed
as applying only to a mechanic who is a householder or the
head of a family.   It must be admitted that the language
is such as may readily lead to discussion concerning the
legislative intent.   The whole section must, however, be
construed together in relation to the subject matter under
consideration by the legislature.   The subject matter was
the designation of the classes of persons who may avail
themselves of the benefit of exemption from execution and
attachment, and also the specification of the property which
may in each case be claimed as exempt.   The section begins
as follows: "The following property shall be exempt from
execution and attachment, except as hereinafter specially
provided."   The first and second subdivisions then declare
as exempt all wearing apparel of every person and fam-
ily, and all private libraries, not to exceed in value $500,
and all family pictures and keepsakes.   The section then

proceeds: "3.   To each householder," followed by a spec-
ification of the kind of property; "4.   To each house-
holder," followed by a further specification; "5.   To a
farmer;" "6.   To a mechanic;" "7.   To a physician;" "8.
To attorneys, clergymen and other   professional men."
The above are followed by other like designations.   Thus
the designation of the classes of persons proceeds, and in
each instance the property which may be claimed as ex-
empt is specified.   Subdivisions 3 and 4 relate to house-
holders specifically as such.   The remaining subdivisions
relate to the farmer, mechanic, physician, attorney, clergy-
man, etc., without regard to whether he is a householder
or not.   In some instances where the family is mentioned
the language is "for his support *or* that of his family,"
and in each instance where the family is mentioned at all,
except in subdivision 6, the disjunctive "or" is used.   It
is in those cases too clear to admit of argument that the
exemption runs to a person of the designated class when
the property is used either for the support of himself or
family.   We cannot believe it was the legislative intent
to favor all other classes mentioned and exclude the me-
chanic from a similar privilege.   We certainly are not
justified in so holding unless the language were so direct
as to admit of no other holding.   We think, therefore,
that the words used as applying to a mechanic "for the
support of himself *and* family" must be read in the light
of the context, as meaning the same as similar words used
in the same section applying to other persons.   The word
"and" is often used interchangeably with "or," the mean-
ing being determined by the context.   1 Am. & Eng. Enc.
Law, p. 569 and notes; 17 Am. & Eng. Enc. Law, p. 220
and notes.

"The popular use of "or" and "and" is so loose and so
frequently inaccurate that it has infected statutory enact-

ments. While they are not treated as interchangeable and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words and one read in place of the other in deference to the meaning of the context." Sutherland, Statutory Construction, §252.

A common purpose seems to have been in the mind of the legislature, that of specifying certain trades or vocations to which an exemption belongs, and we do not believe the context justifies the interpretation that it was intended to subject the trade of the mechanic to a different rule from others mentioned.

We therefore conclude that the demurrer was properly overruled, and the judgment is affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.