[Civ. No. 2509.   Third Appellate District.—August 19, 1922.]

## E. W. ABBEY, Petitioner, v. BOARD OF DIRECTORS OF HONCUT YUBA IRRIGATION DISTRICT et al., Respondents.

[1] IRRIGATION DISTRICTS — ELECTION OF DIRECTORS AT LARGE.—Under section 5 of the Irrigation District Act (Stats. 1915, p. 1367), the directors of an irrigation district composed of five divisions shall be elected at large, if it is so ordered by the board of supervisors.

[2] STATUTORY CONSTRUCTION—LEGISLATIVE INTENT—USE OF WORDS.— Statutes are not to be construed with any such nicety of discrimination as to the use of words in obvious disregard of the legislative intent as gathered from the whole act.

[3] ID.—SUBSTITUTION OF "AND" FOR "OR."—Whenever necessary to arrive at the evident intent of a statute, courts will substitute "and" for "or" and *vice versa.*

[4] ID.—ESTABLISHED PROCEDURE—INTENT TO CHANGE — PRESUMPTION. A legislative intent to change the procedure consistently in operation for a period of twenty-four years ought not to be presumed, in the absence of clear language indicating such intent.

PROCEEDING in Mandamus to compel the issuance of a certificate of election as director of an irrigation district. Writ denied.

The facts are stated in the opinion of the court.

Elmer W. Armfield and Arthur B. Eddy for Petitioner.

W. H. Carlin for Respondents.

THE COURT.—An application was made to the supreme court for a writ of mandate commanding the directors of the Honcut-Yuba Irrigation District to declare petitioner elected to the office of director of division 1 of said district and commanding one F. M. Turner, secretary of said board of directors, to issue to petitioner a certificate of election to such office. The supreme court ordered the alternative writ to issue and made it returnable before this court.

3. "And" as "or" and *vice versa* in construing a statute, notes, Ann. Cas. 1913A, 1058; Ann. Cas. 1915C, 182.

The parties appeared and agreed upon the facts as follows: The Honcut Irrigation District is a duly organized and existing irrigation district; the individual defendants named as directors were the duly elected, qualified, and acting directors thereof; the defendant Turner is the duly appointed, qualified, and acting secretary of the board of directors; the district is divided into five divisions, numbered 1 to 5, inclusive, and in the petition for organization the prayer was and the supervisors so ordered, in establishing the district and fixing its boundaries, that the election of directors in the district be at large; Charles F. Cox and C. N. Hill were the directors of divisions 1 and 5, respectively; on June 27, 1922, an election was held in the district for the purpose of determining whether or not said Cox and Hill should be recalled from office; at said election a majority of the votes cast at large in the district and the majority of the votes cast in divisions 1 and 5 favored the recall of said directors; at said election petitioner was a duly nominated and qualified candidate for the office of director representing division 1 and J. L. Jackheck was also a candidate for said division; at said election in the district at large petitioner received twenty votes and Jackheck received fifty-four for said office of director of division 1; in division 1, petitioner received seven votes and Jackheck none, there being no other candidate for said division; on July 3, 1922, the board of directors canvassed the returns of said election and ascertained the result as above stated; after such canvass petitioner demanded of said board and each member thereof that they declare him elected to the office of director of division 1 and thereupon demanded of said secretary that he make out and deliver to petitioner a certificate of election to said office; the said board and members thereof declined and refused to declare petitioner elected to said office and the secretary likewise refused to issue to him a certificate of election.

[1]   The main discussion relates to the question whether the directors of an irrigation district composed of five divisions can be elected at large if it is so ordered by the board of supervisors, or must they be elected by the electors of each division separately, notwithstanding such order. Confessedly, the solution of this question depends upon the proper construction of section 5 of the Irrigation District

Act (Stats. 1897, p. 255, as amended by Stats. 1915, p. 1368), as follows:

"If on said final hearing the boundaries of the proposed district are defined and established, said board shall make an order dividing said district into five divisions, as nearly equal in size as may be practicable, which shall be numbered first, second, third, fourth and fifth, and one director shall be elected for each division by the electors thereof; *provided,* that if so requested in said petition, the board may order that there shall be only three divisions in said district, and that only three directors be elected, and that the directors may be elected by the district at large, or by divisions, as such petition shall provide, but in any event such directors shall be elected to represent separate divisions and shall be residents of the respective divisions they are elected to represent."

In our opinion section 5 of the act under consideration plainly authorizes the board of supervisors to order that the directors of an irrigation district of five divisions shall be elected at large. The proviso contained in section 5 permits two departures from the general requirements of the preceding parts of the section: (1) The establishment of three instead of five divisions, with one director for each division; (2) The election of directors by the district at large. There is nothing in the language of the proviso indicative of an intent to limit such election at large to districts of three divisions. One of the exceptions must necessarily precede the other in the wording of the proviso and it is unimportant which is stated first. If the position of the exceptions were transposed, the latter then preceding the former, it would hardly be contended that the board could not provide for the election of directors at large in districts of five divisions.

The conclusion that the legislature intended to authorize the election of directors at large, whether three or five, is fortified by other provisions of the act and by the history of the legislation on the subject. In the amendment of 1891 to the Wright Act, it is provided that "the Board of Supervisors may, if so requested in the petition, order that there may be either three or five directors, as said board may order, for such district, and that they may be elected by the district at large." (Stats. 1891, p. 142.)

The amendment further provides that, upon presentation of a proper petition, the board of directors may "order that on and after the next ensuing general election for the district, there shall be either three or five directors, as said board may order, and that they shall be elected by the district at large, or by divisions, as so petitioned and ordered." It is conceded that either of these provisions authorized the election of five directors at large.

In defining the duties of the board of supervisors in the organization of a district, section 5 of the act of 1897 provided "that if so requested in said petition, the board may order that there shall be only three divisions in said district, and that only three directors be elected, or that they be elected for the district at large." If the meaning of this provision is to be determined in strict accordance with its grammatical construction, it does not authorize the election at large of directors in a district of three divisions, because the use of the word "or" in such connection presents a choice. Webster defines the word as: "A particle that marks an alternative as, you may read or may write— that is, you may do one of the things at your pleasure, but not both. It corresponds to *either.* You may ride *either* to London *or* to Windsor. It often connects a series of words or propositions, presenting a choice of either." Under a strict grammatical construction, the provision would authorize the election of directors at large in a district of five divisions, else it would have no application, but not in a district of three divisions. **[2]** But, of course, statutes are not to be construed with any such nicety of discrimination as to the use of words in obvious disregard of the legislative intent as gathered from the whole act. **[3]** Whenever necessary to arrive at the evident intent of a statute, courts will substitute "and" for "or" and *vice versa.* (*Washburn* v. *Lyons,* 97 Cal. 314 [32 Pac. 310]; *Geiger* v. *Koblika,* 26 Wash. 171 [90 Am. St. Rep. 733, 66 Pac. 423]; *Union Ins. Co.* v. *United States,* 6 Wall. (U. S.) 759 [18 L. Ed. 879, see, also, Rose's U. S. Notes].) Section 28 of the act of 1897 provides that, upon presentation of a proper petition as therein provided, the board of directors may "order that on and after the next ensuing general election for the district, there shall be either three or five directors, as said board may order, and that they

shall be elected by the district at large, or by divisions, as so petitioned and ordered.'' No one would contend that this section does not authorize the election of five directors at large. From a consideration of the whole act, it clearly appears that it was the intent to authorize provision for the election of directors at large in districts of three divisions as well as in those of five. If these conclusions are well founded, then from 1891 to 1915 it was permissible to provide, either by the board of supervisors in the organization of a district or by the board of directors thereafter, for either three or five directors and that in either case they be elected at large or by divisions. [4] A legislative intent to change the procedure consistently in operation for a period of twenty-four years ought not to be presumed, in the absence of clear language indicating such intent.

In 1915 the legislature, in one act, amended sections 5 and 28. (Stats. 1915, p. 1367.) Section 5 as so amended, and as it now stands, directs that the board of supervisors, in the organization of a district, divide it into five divisions, and that one director be elected by each division, and then provides ''that if so requested in said petition, the board may order that there shall be only three divisions in said district, and that only three directors be elected, and that the directors may be elected by the district at large, or by divisions, as such petition shall provide.'' The word ''and'' is defined by Webster as: ''A particle which expresses the relation of connection or addition.'' In the clause providing for the election of directors at large, the word ''and'' is undoubtedly used to express the relation of addition, and not that of connection in the sense that the clause which it introduces is limited in its application to the preceding clause. The substitution of ''and'' for ''or,'' as the latter word appeared in the statute of 1897, eliminates all question as to whether a choice was intended. From the use of the word ''they'' in the corresponding clause of the statute of 1897 it might be argued that the pronoun related only to its nearest antecedent. The amendment of 1915 removes all doubt by substituting ''the directors'' in place of the pronoun in the earlier statute. The expression ''that *the directors* may be elected by the district at large'' is couched in language so broad and comprehensive that it can-

not, in any sense, be said to be limited to the "three directors" mentioned in the preceding clause.

By the same act section 28 was amended to provide: "In any district the board of directors thereof must, upon a presentation of the petition therefor, by a majority of the holders of title, or evidence of title, of said district, evidenced as above provided, order that on and after the next ensuing general election for the district, there shall be either three or five directors, and that they shall be elected by the district at large, or by divisions as such petition shall provide." Clearly, under section 28 as so amended, the directors of a district of five divisions were required, upon presentation of the petition provided for, to order the election of directors at large. If it were conceded that the language of section 5 is uncertain or ambiguous, the certain provisions of section 28, enacted at the same time and in the same act, are such as to remove the uncertainty or ambiguity. The legislature must be presumed to have intended a consistent and harmonious scheme for the government of irrigation districts organized under the act, and no reason can be assigned for denying, in one section, the authority to provide, on proper petition, for the election of directors at large in the organization of a district of five divisions and in the next section *requiring* the directors to so provide upon presentation of a similar petition. "It is well settled that in the construction of statutes, for the purpose of ascertaining the legislative intent, regard is to be had not so much to the exact phraseology in which that intent has been expressed, as to the general tenor and scope of the entire legislative scheme embodied in the act. Mere philology often sticks in the bark, and so becomes an obstruction rather than an aid to a correct exposition of the meaning of the statute." (*Palache* v. *Pacific Ins. Co.,* 42 Cal. 418, 430.) "A statute should always be so construed, if reasonably possible, as to give each part thereof the meaning and effect which, from the act as a whole, appears to have been intended. A narrow or restricted meaning should not be given to a word, if it would result in an evasion of the evident purpose of the act, when a permissible, but broader, meaning would prevent the evasion and carry out that purpose." (*In re Reineger,* 184 Cal. 97, 103 [193 Pac. 81, 83].) If a semicolon were sub-

stituted for the comma after the clause "that only three directors be elected," it would be obvious that the provision for the election of directors at large was intended to apply to districts of five divisions as well as those of three. Punctuation is not usually a controlling factor in the interpretation of statutes. "For the purpose of arriving at the true meaning of a statute, courts read with such stops as are manifestly required." (*United States* v. *Lacher*, 134 U. S. 624 [33 L. Ed. 1080, 10 Sup. Ct. Rep. 625, see, also, Rose's U. S. Notes].)

The fact that section 28 has been amended since 1915 is not material in arriving at the legislative intent in the act of that year. The intent of the proviso in section 5, as amended in 1915, and which has not since been changed, could not be affected by subsequent amendments of other sections not inconsistent with the proviso. The legislative scheme, as disclosed by the amendatory act of 1915, and by prior legislation on the subject, seems plain. If so requested in the petition for the formation of the district, the supervisors were and are given authority to order the election of directors at large, whether three or five. If not so ordered, then it was within the power of the board of directors, upon the presentation of a similar petition, to order the election of such directors at large. Whether construed in strict accordance with its own terms, or in the light of "the general tenor and scope of the entire legislative scheme embodied in the act," section 5, in our opinion, authorizes the board of supervisors to provide for the election of directors at large, whether the number of divisions in the district be three or five.

The order to show cause is discharged and the writ denied.