GATES *v.* KENNEY.

LANDLORD AND TENANT — CONSTRUCTION OF LEASE—"AND" CON-
STRUED TO MEAN "OR."

In a suit to construe a lease and for an accounting, where
the lease provided as rent for the premises an undivided
one-third "of all crops raised and sold off said farm,"
*held,* on appeal, that the court below properly construed
the word "and" to mean "or," and required the tenant to
account for crops raised as well as those sold.

Appeal from Ionia; Moinet (Edward J.), J., presid-
ing. Submitted April 5, 1923. (Docket No. 39.)
Decided June 4, 1923.

Bill by David Gates, administrator with the will an-
nexed of the estate of Sarah J. Mills, deceased, against
Earl Kenney for an injunction, the construction of a
lease, and an accounting. From a decree for plaintiff,
defendant appeals. Affirmed.

*Watt & Colwell,* for plaintiff.

*Eldred & Gemuend,* for defendant.

FELLOWS, J. Deceased, Sarah J. Mills, was the
owner in her lifetime of a farm of 140 acres in Berlin
township, Ionia county. On February 25, 1920, she
leased it to defendant for five years beginning the
first of the following March. The rent was crop rent,
and the provision for it found in the lease, and the
provision over which this litigation arises, is as
follows:

"And the said party of the second part does hereby
hire the said premises for the term of five years as

above mentioned, and does covenant and promise to pay to the said party of the first part, her representatives and assigns, for rent of said premises for said term the undivided one-third (1/3) of all crops raised and sold off said farm.   Said party of second part agrees to furnish all seed, tools and teams necessary in carrying on said farm."

After the death of Mrs. Mills and the appointment and qualification of plaintiff as administrator with the will annexed of her estate, he conferred with defendant with reference to the lease and then learned that defendant insisted that under the language of the lease which gave deceased as rent the undivided one-third "of all crops raised and sold off said farm," no rent was due her or her estate for anything not "sold," and that he had the right to determine what should be sold and unless he sold crops off the farm there was no rent due; he insisted that he had the right to feed everything to his stock, and threatened to return some rye he had hauled to the elevator and feed it to his hogs.   This bill was filed seeking an injunction and an accounting and the question presented is the effect, the construction, to be given the language quoted.

The trial judge reached the conclusion that the case fell within that line of cases where from the whole context of the instrument, the situation of the parties and the surrounding circumstances, it becomes necessary, in order to effectuate the intent of the parties, to construe the word "and" to mean "or."    He therefore construed the contract as though it were written "all crops raised or sold off said farm," and required defendant to account for crops raised as well as those sold.    We agree with the conclusion of the trial judge.    The question has probably arisen more frequently in the construction of statutes than in the construction of contracts.    In 2 Lewis' Sutherland

.Statutory Construction (2d Ed.), § 397, will be found
the following:

"The popular use of 'or' and 'and' is so loose and so
frequently inaccurate that it has infected statutory
enactments.   While they are not treated as inter-
·changeable, and should be followed when their accu-
rate reading does not render the sense dubious, their
strict meaning is more readily departed from than
that of other words, and one read in place of the other
in deference to the meaning of the context."

In the case of *Geiger* v. *Cawley,* 146 Mich. 550, the
·construction of a contract was involved and we there
.said: .

"We think it equally clear that defendant, by en-
gaging in the business of selling hardware and agri-
·cultural implements, violated his agreement.   The
object of the agreement, as heretofore indicated, was
to prevent defendant competing with plaintiff in the
business of selling hardware, furniture, implements,
buggies, and wagons.   The agreement should be so
construed as to accomplish this object.   So construed,
it obligated defendant to refrain from selling hard-
ware, furniture, implements, buggies, or wagons in
·competition with plaintiff.   It is possibly true that to
reach this construction we read the word 'and' in the
phrase 'hardware, furniture, implements, buggies, and
wagons' as if it were 'or.'   That we are at liberty to
do, in order to construe the agreement in accordance
with the intention of the parties."

In *Chicago, etc., R. Co.* v. *Bartlett,* 120 Ill. 603
(11 N. E. 867), it was said:

"The general rule requiring effect to be given to
.all the words of an instrument, to which counsel
has adverted, is not questioned; but there are well
recognized limitations upon it that are just as well
settled as the rule itself, the chief of which is, that an
instrument must be so construed as to effectuate the
intention of the parties to it, and for this purpose a
word will sometimes be construed to mean almost the
very opposite of its commonly accepted signification.

Thus, 'and,' the very word to which counsel attach so much significance in this case, is often construed to mean 'or.' "

See, also, *Hayman & Co.* v. *Hallam,* 79 Ky. 389; *Wilson Stream Dam Co.* v. *Excelsior Co.,* 105 Me. 249 (74 Atl. 115); *Maguire* v. *Moore,* 108 Mo. 267 (18 S. W. 897); *Barnes* v. *Raper,* 90 N. C. 189; *Kennedy* v. *Haskell,* 67 Kan. 612 (73 Pac. 913); *Geiger* v. *Kobilka,* 26 Wash. 171 (66 Pac. 423, 90 Am. St. Rep. 733).

To literally construe the language used as defendant asks us to do is so at variance with the clear intent of the parties as gathered from the context of the instrument, from the subject-matter of the contract, from the surrounding circumstances, that we do not hesitate to reject such construction and accept that contended for by plaintiff. Nor do we agree with defendant's contention that the parties have so construed it themselves. While it is possibly true that during Mrs. Mills' lifetime defendant did not account to her as he should have done, we are not persuaded that she acquiesced in all such delinquencies; nor are we persuaded that by reason of the relation of the parties it was contemplated that defendant would pay rent only as and when he might desire so to do.

The decree was right. It will be affirmed, with costs of this court.

WIEST, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.