TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

```
-------------------------------------------
                          :
    OPINION               :   No.  88-301
                          :
JOHN K. VAN DE KAMP       :   MAY 10, 1988
   Attorney General       :
                          :
RONALD M. WEISKOPF        :
Deputy Attorney General   :
                          :
----------------------------------------------------------------
```

THE HONORABLE J.E. SMITH, Commissioner, California Highway Patrol has requested an opinion on the following questions:

1. Do the provisions of Vehicle Code section 10751 apply to vehicle component parts from which the identification number, affixed or inscribed by the manufacturer in accordance with the 1984 Federal Motor Vehicle Theft Law Enforcement Act, has been removed, altered, defaced or destroyed?

2. If a VIN number affixed or inscribed by the manufacturer in accordance with the 1984 Federal Motor Vehicle Theft Law Enforcement Act has been removed, altered, defaced or destroyed from one component part of a vehicle, does the California Highway Patrol have the authority to seize the entire vehicle or only the component part?

3. Is the California Highway Patrol responsible for renumbering the component parts of vehicles covered under the 1984 Federal Motor Vehicle Theft Law Enforcement Act, when the part's labels have been removed, altered, defaced or destroyed?

CONCLUSIONS

1. The provisions of Vehicle Code section 10751 do apply to the component parts of vehicles from which the VIN, affixed by the manufacturer, has been removed, altered, defaced, or destroyed, including those which are affixed in accordance with the Federal Motor Vehicle Theft Prevention Act.

2. If a VIN number affixed or inscribed by the manufacturer in accordance with the 1984 Federal Motor Vehicle Theft Law Enforcement Act has been removed, altered, defaced or destroyed from one component part of a vehicle, the California Highway Patrol has authority to seize the entire vehicle and not just the component part.

3. The Department of Motor Vehicles not the California Highway Patrol bears the responsibility for renumbering the component parts of vehicles covered under the 1984 Federal Motor Vehicle Theft Law Enforcement Act, when the part's labels have been removed, altered, defaced or destroyed.

ANALYSIS

This opinion discusses how the provisions of section 10751 of the Vehicle Code work with respect to a recent development in automobile component part identification brought about by the 1984 Federal Motor Vehicle Theft Law Enforcement Act.

Section 10751 of the Vehicle Code makes it illegal for anyone to knowingly have in his possession, "any vehicle, or component part thereof, from which the manufacturer's serial or identification number has been removed, defaced, altered, or destroyed, unless the vehicle or component part has attached thereto an identification number assigned or approved by the department [of Motor Vehicles] in lieu of the manufacturer's number." (Veh. Code, § 10751, subd. (a).) The section provides that whenever such "a vehicle or component part" comes into the custody of a peace officer, it shall be destroyed, sold, or otherwise disposed of pursuant to court order." (Id., subd. (b).)

Essentially, the section contemplates: (i) the seizure of the vehicle or component part by the peace officer, (ii) its impoundment for investigation of a violation of section 10751, and (iii) the giving of formal notice of such to the person from whom the property was seized and to all claimants to it whose interest or title is on registration records in the Department of Motor Vehicles. Such notice also informs that a postseizure hearing on the disposition of the property will be held in municipal or justice court. (Id., subd. (b).)

If no one other than the person from whom the property was seized claims an interest in it, the seizing agency may release the property to him or her upon a determination that the identification number has not been removed, defaced, altered, or destroyed, or upon the presentation of satisfactory evidence of ownership of the vehicle or component part. If some other person claims

an interest in the property, a court hearing on its disposition must take place within 60 days of the seizure. (§ 10751, subds. (b),(d),(e)). If evidence at the hearing reveals either that the identification number was not removed, altered, or destroyed, or that it was but satisfactory evidence of ownership has been presented to the seizing agency or court, "the property [is to] be released to the person entitled thereto." (Id., subd. (e)(1).) If, on the other hand, the evidence reveals that the identification number had been removed, altered, or destroyed, and satisfactory evidence of ownership is not presented, "the property [is to] be destroyed, sold, or otherwise disposed of as provided by court order." (Id., subd. (e)(2).)[1] (See, 68 Ops.Cal.Atty.Gen 94, 99-100 (1983).)

In 1984 Congress adopted the Motor Vehicle Theft Law Enforcement Act. (P.L. 98-547 [H.R. 6257], 98 Stat. 2754, classified to 15 U.S.C. § 2021, et seq.) Its purpose was to deter thefts of motor vehicles which occur in order to dismantle them to resell their major parts; this would be done by having each of those parts individually marked with an identifier unique to the vehicle to decrease the ease with which they could be "fenced." (See House Report [Energy and Commerce Committee] No. 98-1087, Sept. 26, 1984, [to accompany H.R. 6257] at pp. 1-5, 26, reprinted in 1984 U.S. Code Cong. & Admin. News. 4628, 4628-4631, 4651; see also, 15 U.S.C. § 2021.) The Act requires certain parts of "high theft line" vehicles to be numbered according to a uniform, standard identification system, based on the vehicles so-called "VIN" number. Theft of such vehicles for those parts would thus be much more risky because the parts would be traceable and recoverable, and law enforcement officials would be aided in tracking and prosecuting the thieves and theft rings. (House Report, supra, at 5, 11; 1984 U.S. Code Cong. & Admin. News, supra, at pp. 4631, 4636.)[2]

---

[1]The provisions of section 10751 do not apply with respect to vehicles or component parts used as evidence in any criminal action or proceeding. (§ 10751, subd. (b).) Disposition of such property is governed by sections 1417-1417.7 of the Penal Code, and might be subject to sections 1407-1411 of that Code which deal with the disposition of property which has been stolen or embezzled. (Cf., Hughes v. Neth (1978) 80 Cal.App.3d 952, 957.)

[2]The Vehicle Identification Number or VIN is a seventeen-character formula designation that is assigned to a vehicle at the time it is manufactured to provide a unique description of the vehicle to which it is assigned. (49 C.F.R. § 571.115, S.4.) Since no two vehicles can bear the same VIN, the VIN designation distinguishes one particular motor vehicle from all others. It is composed in such a way that it discloses the vehicle's manufacturer, its particular make, its line and body type, its engine and transmission type, its horsepower and weight, its model year, its plant of manufacture, and its sequential production number. (49 C.F.R. § 565.4.)

The VIN was selected as the basis for the "vehicle theft prevention standard" under the Motor Vehicle Theft Law Enforcement Act of 1984 because it provides a uniform standard identification system to help law enforcement. (House Report, supra, at 10; 1984 U.S. Code Cong. & Admin. News, supra, at p. 4636.) Having learned the exact position of the various numbers and letters in the VIN formula and what they stand for, peace officers are able to detect

More specifically, the Act and the implementing regulations of the Secretary of Transportation require that the "major parts" of "high theft line" vehicles be appropriately indelibly inscribed and/or permanently affixed with the vehicles' VIN number. (15 U.S.C. §§ 2021(10), 2022; 49 C.F.R., Pts. 541, 542; cf., id., Pts. 565, 567, 571.) A "high theft line vehicle" is one in a manufacturer's "line" of vehicles that is found to be, or found likely to be, above the median theft rate for all new passenger motor vehicles. (15 U.S.C. § 2023; 49 C.F.R., §§ 541.3, 542.1. Pt. 541, Appendices A & C.) If they are present on such a car, the following parts must have the identifying VIN number affixed or inscribed on them: the engine, the transmission, the right front fender, the left front fender, the hood, the right front door, the left front door, the right rear door, the left rear door, the front bumper, the rear bumper, the right rear quarter panel, the left rear quarter panel, and the deck lid, tailgate, or hatchback. (49 C.F.R., § 541.5(a) & (b)(1); cf., 15 U.S.C. §§ 2021(7), 2022(a) & (d), 2023(a)(2).)

Members of the California Highway Patrol are peace officers whose primary duty is the enforcement of the provisions of the Vehicle Code and other laws relating to the use or operation of vehicles upon the highways. (Pen. Code, § 830.2, subd. (a); Veh. Code, §§ 2400, 2409, 2268; 69 Ops.Cal.Atty.Gen. 36, 37, 45 (1986).) "The statutory duties and powers of the CHP include the authority to seize vehicles and other items which are evidence of the commission of a crime." (69 Ops.Cal.Atty.Gen., supra, at 45.) We are asked several questions regarding their enforcement of section 10571 in light of this recent development in automobile component part identification.

1.      Do the Provisions of Vehicle Code Section 10751 Apply to Vehicle Component Parts From Which the VIN Number, Affixed or Inscribed By The Manufacturer in Accordance With the 1984 Federal Motor Vehicle Theft Law Enforcement Act, Has Been Removed, Altered, Defaced, or Destroyed?

We are first asked whether the provisions of Vehicle Code section 10751, relating to the seizures of vehicles or component parts from which a manufacturer's identification number has been removed, applies to the fourteen parts which the federal Motor Vehicle Theft Law Enforcement Act of 1984 requires automobile manufacturers to mark with the vehicle's VIN. Essentially we are asked whether the new wine fits into the old bottle. We conclude that it does.

In construing section 10751 in this respect, our primary consideration is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (Friends of Mammoth v. Board of Supervisors (1972) 8 Cal.3d 247, 256; Great Lakes Properties, Inc. v. City of El Segundo (1977) 19 Cal.3d 152, 163; Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645.) This is done at the outset by examining the words of the statute themselves. (People v. Craft (1986)

---

improper sequences, or VIN's that do not properly describe a motor vehicle as it was assembled by the manufacturer.

41 Cal.3d 554, 560; People v. Belleci (1979) 24 Cal.3d 879, 884; People v. Knowles (1950) 35 Cal.2d 175, 182.)

Looking to the wording of section 10751 we see that it applies to,

"any vehicle, or component part thereof, from which the manufacturer's serial or identification number has been removed, defaced, altered, or destroyed . . . ." (Id., subd. (a); emphases added.)

We first direct our attention to the descriptive clause "from which the manufacturer's serial or identification number has been removed, [etc.]." A "manufacturer's serial or identification number" would be any "number" placed by a manufacturer on a vehicle or part to distinguish it from all other like vehicles or parts. The "number" may consist of alphabetic, numeric or other symbols. The VIN is one such "number."

Next, directing our attention to the application of the clause, we see that section 10751, subdivision (a) speaks of "any vehicle, or component part thereof, from which [such an identification number] has been removed. . . ." That particular wording dates from 1967 (Stats. 1967, ch. 1110, p. 2755, § 2) and has survived subsequent amendment to the section in 1974 (Stats. 1974, ch. 8, p. 14, § 2), 1979 (Stats. 1979, ch. 328, p. 1181, § 1) and 1981 (Stats. 1981, ch. 599, p. 2312, § 2).[3] Its construction indicates that the descriptive clause "from which the manufacturer's . . . identification number has been removed" was meant to apply to both of its antecedents, i.e., it applies to both the "vehicle" as well as to the "component part[s] thereof." (Cf., Wholesale T. Dealers v. National Etc. Co. (1938) 11 Cal.2d 634, 659; and compare Furnish v. Board of Medical Examiners (1957) 149 Cal.App.2d 326, 329-330, with Board of Trustees v. Judge (1975) 50 Cal.App.3d 920, 927-928 & fn. 2.) Indeed, the very next clause of subdivision (a)--"unless the vehicle or component part has attached thereto an identification number assigned or approved by the department in lieu of the manufacturer's number"--contemplates that the manufacturer's identifier spoken of might appear on the vehicle itself as well as its component parts. The subsequent subdivisions of section 10751 also consistently describe the property affected by the section as the "vehicle or component part." (See e.g., subds. (b),(c),(d),(e).)

When this particular wording of subdivision (a) of section 10751 was adopted in 1967 (Stats. 1967, ch. 1110, supra), automobile manufacturers were already marking vehicles, engines, and perhaps some component parts, with an identification number, the vehicle's VIN. That identifier was standardized the year before when Congress adopted the National Traffic and Motor Vehicle

---

[3]The section actually traces its lineage to 1917 when section 26, subdivision (c) of the Vehicle Code made it illegal for any person to knowingly have in his possession "any motor vehicle from which the manufacturer's serial number or motor number or any other distinguishing number or identification mark has been removed, defaced, covered, altered or destroyed. . . ." (Stats. 1917, ch. 218, p. 409, § 19.)

Safety Act and the implementing regulations of the Secretary of Transportation prescribed its format, content, placement and usage. (Cf., 15 U.S.C. §§ 1392 (a) & (d), 1395, 1397, 1398,, 1400, 1401, 1403; 49 C.F.R., Pt. 565, § 565.1, et eq.; id., § 571.115.)

However, there is nothing in wording of section 10751 to indicate that the Legislature intended to "freeze" its application to that particular identifier, or to the particular parts of vehicles that were being identified by it at the time. The section speaks prospectively about "numbers" which manufacturers may use in the future just as it contemplates vehicles which may be manufactured in the future. Thus the fact that automobile manufacturers might not have identified all of the fourteen parts of high theft line vehicles which are now required to be identified with the automobile's VIN, does not detract from the clause's present reach to them. (Cf., Estate of Woodward (1964) 230 Cal.App.2d 113, 119, citing 2 Sutherland, Statutory Construction (3rd ed.), § 5109, pp. 509-510.)

The plain wording of section 10751, subdivision (a) applies to "any vehicle, or component part thereof, from which the manufacturer's . . . identification number has been removed, defaced, altered, or destroyed." There, the use of the indefinite adjective "any" indicates that the application is without restriction or limitation. (Emmolo v. Southern Pacific Co. (1949) 91 Cal.App.2d 87, 92; 64 Ops.Cal.Atty.Gen. 192, 202 (1981); 62 Ops.Cal.Atty.Gen 394, 395-386; 20 Ops.Cal.Atty.Gen. 31, 33 (1952).) Section 10751 applies to all the component parts of a vehicle which bear a manufacturer's identification number, whether required by the federal Act or not.

Accordingly we conclude that the provisions of Vehicle Code section 10751 do apply to the component parts of vehicles from which the VIN, affixed by the manufacturer, has been removed, altered, defaced, or destroyed, including those which are affixed in accordance with the Federal Motor Vehicle Theft Prevention Act.

2. If A VIN Number, Affixed Or Inscribed By The Manufacturer In Accordance With the Federal Motor Vehicle Theft Law Enforcement Act Has Been Removed, Altered, Defaced, Or Destroyed From One Component Part of A Vehicle, Does the California Highway Patrol Have The Authority To Seize The Entire Vehicle Or Only The Component Part?

We are next asked whether a member of the California Highway Patrol, who discovers that a VIN number on one of the fourteen parts of a vehicle has been removed, altered, defaced, or destroyed, has authority to seize the entire vehicle or only the component part. We assume that the particular part is still in place on the vehicle, but that the officer has either detected that its VIN identification does not properly "match" the rest of the vehicle, or that the part's VIN is missing. We conclude that under such circumstances the officer has authority to seize the entire vehicle and not just the questionable part.

Returning again to the wording of section 10751, we see that it provides that

"(b) Whenever a vehicle or component part described in subdivision (a) [i.e., one from which the manufacturer's identification number has been removed, defaced, altered or destroyed], it shall be destroyed, sold, or otherwise disposed of under the conditions as provided in an order by the court having jurisdiction."  (Emphases added.)

Subdivisions (c) and (d) of the section also speak of "a vehicle or component part" being seized by a peace officer.  For example, subdivision (d) provides:

"(d)   Whenever a peace officer seizes a vehicle or component part as provided in subdivision (b), the person from whom the property was seized shall be provided a notice of impoundment of the vehicle or component part which shall serve as a receipt and contain the following information. . . ."  (Emphases added.)

Section 10751 thus uses the disjunctive "or" to describe the property which is to be seized.  That construction often indicates an "either . . . or" choice--i.e., that either the vehicle or the offending part can be seized, but not both.  However, that particular meaning behind the use of the word "or" is not absolute.  The word is also used to formulate an "inclusive" "and/or" situation which accepts both alternatives which it separates.  (See, e.g., Dickerson, "The Difficult Choice Between 'And' and 'Or'," 60 A.B.A. Journal 310 [Mar. 1960].)  Indeed, courts have substituted "and" for "or" and vice versa, according to context in which the words are used and to give effect to the legislature's intent.  (See e.g., Arnold v. Hopkins (1928) 203 Cal. 553, 563, citing Washburn v. Lyons (1893) 97 Cal. 314 ["and" construed to mean "or"] and Abbey v. Board of Directors (1922) 58 Cal.App. 757 ["or" construed to mean "and"]; see also, Citizen Advocates, Inc. v. Board of Supervisors (1983) 146 Cal.App.3d 171, 177; Hennigan v. United Pacific Ins. Co. (1975) 53 Cal.App.3d 1, 5.)

We believe that context here requires that the phrase "a vehicle or component part" be construed as permitting seizure of both the vehicle and the component part when the part is still attached to the vehicle.  Statutes are to be interpreted "so as to make them workable and reasonable" (City of Santa Clara v. Von Raesfeld (1970) 3 Cal.3d 239, 248) and so in construing them, one considers the consequences that would flow from a particular interpretation.  (Estate of Ryan (1923) 21 Cal.2d 498, 513.)  Thus, unless the statutory language permits no alternative, a literal or other construction leading to absurd consequences should not be chosen.  (California Mfrs. Assn. v. Public Utilities Com. (1979) 24 Cal.3d 836, 844; Younger v. Superior Court (1978) 21 Cal.3d 102, 113-114;  People v. Kuhn (1963) 216 Cal.App.2d 695, 698.)  Particularly, "where the language of a statutory provision is susceptible of two constructions, one of which, in application, will render it reasonable, fair and harmonious with its manifest purpose, and another which would be productive of absurd consequences the former construction will be adopted."  (Clements v. T. R. Bechtel Co. (1954) 43 Cal.2d 227, 233; accord, In re Eric J. (1979) 25 Cal.3d 522, 537.)

We have assumed that the situation presented is one in which a CHP Officer comes upon an automobile, and the VIN on one or more of its major parts (i) has been removed, defaced, or destroyed, or (ii) does not "fit" the car, showing that it has been altered.  The parts that would be

involved--viz., the engine, the transmission, the fenders, the hood, the doors, the bumpers, the rear quarter panels, and the deck lid, tailgate, or hatchback--are major components of the automobile and are not easily removed. Furthermore, removal of some would render the automobile inoperable, or make it dangerous to operate, or could work permanent damage on the car. We therefore do not think it reasonable that the Legislature would have intended that a CHP Officer would have to remove the offending part from the car in order to impound it. Rather, we believe the Legislature intended to authorize the seizure of the entire vehicle as well as the offending part. We therefore conclude that if a VIN number has been removed, altered, defaced or destroyed from one or more of the major component parts of a vehicle to which it is still attached, the California Highway Patrol has the authority to seize the entire vehicle and not just the component part.[4]

   3. Responsibility For Renumbering Component Part(s)

   We are asked last whether the California Highway Patrol is responsible for renumbering the component parts of vehicles whose VIN identifications have been removed, altered, defaced or destroyed. We conclude it is not.

   Section 201 of the federal Motor Vehicle Theft Law Enforcement Act of 1984 deals with the alteration and removal of VIN numbers from motor vehicle parts and contemplates their subsequent restoration or replacement. It first provides as follows:

   "(a) Whoever knowingly removes, obliterates, tampers with, or alters an identification number for a motor vehicle, or motor vehicle part, shall be fined not more that $10,000 or imprisoned not more than five years or both.

   "(b)(1) Subsection (a) of this section [18 U.S.C. § 511] does not apply to a removal, obliteration, tampering, or alteration by a person specified in paragraph (2) of this subsection (unless such person knows that the vehicle or part involved is stolen).

   "(2) The persons referred to in paragraph (1) of this subsection are-- .... (C) a person who restores or replaces an identification number for such vehicle or part in accordance with applicable state law." (18 U.S.C. § 511; emphases added.)

---

   [4]In the event we concluded otherwise--i.e., that the California Highway Patrol could only seize the component part of a vehicle that had an altered or missing VIN identification, we were asked to address the questions of: (1) who would bear the responsibility for removing the part from the vehicle and for later reattaching it after it was identified; and (2) who would bear responsibility for any damage that might occur during the part's removal or reassembly. Since we concluded that the California Highway Patrol does have authority to seize an entire vehicle and not just the particular part that has an altered or missing identification number, those questions are rendered moot.

The federal Act then provides that,

"(a) If an identification number for a motor vehicle or motor vehicle part is removed, obliterated, tampered with, or altered, such vehicle or part shall be subject to seizure and forfeiture to the United States unless--

"(1) . . . . . . . . . . . . . . . . . .

"(2)  such motor vehicle or part has a replacement identification number that--

"(A) is authorized by the Secretary of Transportation under the National Traffic and Motor Vehicle Safety Act of 1966; or

"B)  conforms to applicable State law  . . . ."  (18 U.S.C. § 512; emphasis added.)

The term "identification number" is defined in both of these sections to mean, inter alia, "a number or symbol that is inscribed or affixed for purposes of identification under the National Traffic and Motor Vehicle Safety Act of 1966 . . . ."  (18 U.S.C. §§ 511(c)(1), 512(c).)  That, as we have seen is the vehicle's VIN, and the federal Act thus contemplates that a missing or altered VIN might be replaced in conformity with applicable state law.  California law addresses the problem of replacing, missing or altered VIN's.

Section 10751 of the Vehicle Code provides that a vehicle or component part from which a manufacturer's identification number has been removed, altered, defaced or destroyed, may be returned to the owner by the seizing agency "following presentation of satisfactory evidence of ownership, and if determined necessary, upon the assignment of an identification number to the vehicle or component part by the department."  (Id., subd. (b).)  The section also contemplates the return of the vehicle or component part to a good faith purchaser following presentation of satisfactory evidence of ownership thereof upon the assignment of an identification number to the vehicle or component part by the department."  (Id., subd. (e)(1).)  The "department" spoken of in the section, is the state Department of Motor Vehicles.  (Veh. Code, § 290.)

In addition, section 1800, subdivision (a) of the Vehicle Code requires the Department of Motor Vehicles to file each application received for the registration of a vehicle and keep a record of each vehicle registered, under, inter alia "the motor or a permanent identifying number of the vehicle as may be determined by the department."  (Id., subd. (a)(3).)  Section 4166 of the Code provides that department may assign a distinguishing vehicle identification number to a motor vehicle "whenever the motor or other identifying number thereon is removed, destroyed or obliterated, and any motor vehicle to which a distinguishing vehicle identification number is [so] assigned . . . shall be registered under the number so assigned. . . ."

It would thus appear that the Legislature has made it the responsibility of the Department of Motor Vehicles, and not the California Highway Patrol, to provide a replacement number for the component part of a vehicle when its VIN identifier is removed, defaced, altered, or destroyed.

Accordingly we conclude that the California Highway Patrol is not responsible for renumbering the component parts of vehicles covered under the 1984 Federal Motor Vehicle Theft Law Enforcement Act. The Department of Motor Vehicles bears that responsibility.

\* \* \* \* \*